IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORDAN KASTEL and STORMIE HOY, Individually and for Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>CASCADE LIVING GROUP MANAGEMENT, LLC, a Washington limited liability company,<br><br>    Defendant. | Case No. _____<br><br>ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT<br><br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

## ORIGINAL CLASS & COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.     Jordan Kastel (Kastel) and Stormie Hoy (Hoy) (together, Plaintiffs) bring this class and collective action to recover unpaid overtime and other damages from Cascade Living Group Management, LLC (CLG).

2.     Kastel worked for CLG as a Resident Care Coordinator at the Cascades of Stayton facility in Stayton, Oregon.

3.     Hoy worked for CLG as a Traveling Caregiver at CLG facilities across Washington and Oregon.

ORIGINAL COMPLAINT - 1

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

4.      Like the Putative Class Members (as defined below), Plaintiffs regularly worked more than 40 hours in a week.

5.      But CLG did not pay for all the hours they worked.

6.      Instead, CLG automatically deducted 30 minutes a day from these employees' work time for so-called meal breaks.

7.      Plaintiffs and the Putative Class Members were thus not paid for that time.

8.      But CLG fails to provide Plaintiffs and the Putative Class Members with *bona fide* meal breaks.

9.      Instead, CLG requires Plaintiffs and the Putative Class Members to remain on-duty throughout their shifts and continuously subjects them to interruptions during their unpaid "meal breaks."

10.      CLG's auto-deduction policy violates the Fair Labor Standards Act (FLSA), Oregon wage laws, the Washington Minimum Wage Act (WMWA), and the Washington Wage Rebate Act (WWRA) by depriving Plaintiffs and the Putative Class Members of wages for all hours worked, including those worked in excess of 40 hours in a workweek.

JURISDICTION & VENUE

11.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the FLSA. 29 U.S.C. § 216(b).

12.      This Court has supplemental jurisdiction over the state-law subclass pursuant to 28 U.S.C. § 1367 because these claims arise from a common nucleus of operative facts.

13.      This Court has general personal jurisdiction over CLG because CLG is a domestic limited liability company that maintains its headquarters in Bothell, Washington.

14.      Venue is proper because CLG maintains its headquarters in Bothell, Washington, which is in this District and Division. 28 U.S.C. § 1391(b)(1).

ORIGINAL COMPLAINT - 2

PARTIES

15.     Kastel worked for CLG as a Resident Care Coordinator at the Cascades of Stayton facility in Stayton, Oregon from approximately January 2022 until November 2022.

16.     Throughout his employment, CLG classified Kastel as non-exempt and paid him on an hourly basis.

17.     Throughout his employment, CLG subjected Kastel to its common practice of automatically deducting 30 minutes a day from his recorded work time for so-called "meal breaks."

18.     Kastel's written consent is attached as Exhibit 1.

19.     Hoy worked for CLG as a Traveling Caregiver at CLG facilities in Bremerton, Mt. Vernon, Burlington, Washington, as well as Portland, Eugene, and Bend, Oregon from approximately November 2021 until September 2022.

20.     Throughout her employment, CLG classified Hoy as non-exempt and paid her on an hourly basis.

21.     Throughout her employment, CLG subjected Hoy to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

22.     Hoy's written consent is attached as Exhibit 1.

23.     Plaintiffs bring this action on behalf of themselves and other similarly situated hourly, non-exempt CLG employees who were subject to CLG's automatic meal break deduction policy.

24.     CLG automatically deducts 30 minutes/shift from all of these employees' recorded hours worked for so-called "meal breaks."

25.     But CLG uniformly requires all these employees to remain on-duty and perform work throughout their shifts, including during their unpaid "meal breaks."

ORIGINAL COMPLAINT - 3

26.     The FLSA Collective of similarly situated employees Plaintiffs seek to represent is

defined as:

> All hourly, non-exempt CLG employees who received an automatic meal period deduction at any time during the past 3 years ("FLSA Collective Members" or "FLSA Collective").

27.     Plaintiffs also seek to represent such a class under Oregon wage laws pursuant to

FED. R. CIV. P. 23.

28.     The Oregon Class of employees Plaintiffs seek to represent is defined as:

> All hourly, non-exempt CLG employees who received an automatic meal period deduction while working in Oregon at any time during the past 6 years ("Oregon Class Members" or "Oregon Class").

29.     Hoy also seeks to represent such a class under Washington wage laws pursuant to

FED. R. CIV. P. 23.

30.     The Washington Class of employees Hoy seeks to represent is defined as:

> All hourly, non-exempt CLG employees who received an automatic meal period deduction while working in Washington at any time during the past 3 years ("Washington Class Members" or "Washington Class").

31.     The FLSA Collective Members, the Oregon Class Members, and the Washington

Class Members are collectively referred to as the "Putative Class Members" or the "Putative

Classes."

32.     CLG is a Washington limited liability company that maintains its headquarters in

Bothell, Washington.

33.     CLG may be served with process by serving its registered agent: Corporation

Service Company, 300 Deschutes Way SW, Suite 208 MC-CSC1, Tumwater, Washington

98501.

ORIGINAL COMPLAINT - 4

CoverAGE UNDER THE FLSA

34.    At all relevant times, CLG was an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

35.    At all relevant times, CLG was an enterprise within the meaning of Section 3(r) of the FLSA. 29 U.S.C. § 203(r).

36.    At all relevant times, CLG was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because it had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as computers, cellphones, and personal protective equipment – that have been moved in or produced for commerce.

37.    At all relevant times, CLG has had an annual gross volume of sales made or business done of not less than $500,000 each year.

38.    At all relevant times, Plaintiffs and the Putative Class Members were CLG's "employees" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

39.    At all relevant times, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

40.    CLG uniformly deducted 30 minutes/shift from Plaintiffs' and the Putative Class Members' wages for meal breaks, even when these employees did not actually receive *bona fide*, non-interrupted meal breaks.

41.    As a result, CLG failed to pay Plaintiffs and the Putative Class Members for this compensable work, including overtime, in violation of the FLSA.

ORIGINAL COMPLAINT - 5

42.     CLG's automatic meal break deduction policy, which deprives Plaintiffs and the Putative Class Members of overtime compensation for the weeks in which these employees work over 40 hours, violates the FLSA. 29 U.S.C. § 207(a) & (e).

FACTS

43.     CLG operates senior living and care communities across the United States, including in Oregon and Washington.

44.     CLG employs patient care workers, including Plaintiffs and the Putative Class Members, to provide healthcare services and treat the seniors in its various facilities.

45.     CLG uniformly classifies these employees as non-exempt and pays them on an hourly basis.

46.     While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

47.     For example, Kastel worked for CLG as a Resident Care Coordinator at the Cascades of Stayton facility in Stayton, Oregon from approximately January 2022 until November 2022.

48.     As Resident Care Coordinator, Kastel's primary responsibilities included providing direct patient care to residents living in CLG's senior living community, Cascades of Stayton, such as administering medications, monitoring residents, charting treatments and residents' histories, communicating with families, and assisting doctors and other patient care staff to provide healthcare services to CLG's senior residents.

49.     Throughout his employment, CLG classified Kastel as non-exempt and paid him on an hourly basis.

ORIGINAL COMPLAINT - 6

50.     Throughout his employment, CLG subjected Kastel to its common practice of automatically deducting 30 minutes from his recorded hours worked and wages each shift for meal breaks, regardless of whether he actually received a *bona fide* meal break.

51.     Similarly, Hoy worked for CLG as a Traveling Caregiver at CLG facilities in Bremerton, Mt. Vernon, Burlington, Washington, as well as Portland, Eugene, and Bend, Oregon from approximately November 2021 until September 2022.

52.     As a Traveling Caregiver, Hoy's primary responsibilities included providing direct patient care to residents living in CLG's various facilities to which she was assigned, such as administering medications, monitoring residents, charting treatments and residents' histories, communicating with families, and assisting doctors and other patient care staff to provide healthcare services to CLG's senior residents.

53.     Throughout her employment, CLG classified Hoy as non-exempt and paid her on an hourly basis.

54.     Throughout her employment, CLG subjected Hoy to its common practice of automatically deducting 30 minutes a day from her recorded work time for so-called "meal breaks."

55.     Plaintiffs and the Putative Class Members performed their jobs under CLG's supervision, and using materials, equipment, and technology approved and supplied by CLG.

56.     CLG requires Plaintiffs and the Putative Class Members to follow and abide by common work, time, pay, and overtime policies and procedures in the performance of their jobs.

57.     At the end of each pay period, Plaintiffs and the Putative Class Members received wages from CLG that were determined by common systems and methods that CLG selected and controlled.

58.     CLG requires its hourly, non-exempt employees, including Plaintiffs and the Putative Class Members, to record their hours worked using CLG's timeclock system.

ORIGINAL COMPLAINT - 7

59.     Further, CLG subjects its hourly, non-exempt employees, including Plaintiffs and the Putative Class Members, to a common policy and practice of automatically deducting time from these employees' recorded hours worked for meal periods.

60.     Specifically, CLG automatically deducts 30 minutes from Plaintiffs' and the Putative Class Members' time records for each shift they work for meal periods, regardless of whether these employees actually receive a full, uninterrupted, 30-minute meal period.

61.     But CLG fails to provide Plaintiffs and the Putative Class Members with *bona fide* meal periods.

62.     Instead, CLG requires Plaintiffs and the Putative Class Members to remain on-duty and working throughout their shifts and continuously subjects them to interruptions during their unpaid meal periods.

63.     Indeed, because of these constant work interruptions, Plaintiffs and the Putative Class Members are not free to engage in personal activities during their unpaid meal periods.

64.     Rather, during their unpaid "meal breaks," Plaintiffs and the Putative Class Members are forced to substantially perform their regular patient care job duties and responsibilities.

65.     Thus, Plaintiffs and the Putative Class Members routinely spend their unpaid "meal breaks" performing work for CLG's – not these employees' – predominant benefit.

66.     This unpaid time is compensable under the FLSA, Oregon wage laws, and the WMWA because CLG knew, or should have known, that (1) Plaintiffs and the Putative Class Members were performing unpaid work during their "meal breaks," (2) they were interrupted or subject to interruptions with work duties during any attempted meal period, (3) they were not completely relieved of all duties during their "meal breaks," (4) they entirely skipped the meal period due to work demands, (5) the meal period was less than 30 consecutive minutes, (6) they were not free to engage in personal activities during their meal periods because of constant interruptions, (7)

ORIGINAL COMPLAINT - 8

they remained on CLG's premises, and/or (8) they predominantly spent their unpaid meal periods performing their regular patient care duties for CLG's predominant benefit.

67.     The unpaid time is also compensable under Oregon wage laws and the WWRA because CLG agreed to pay Plaintiffs and the Putative Class Members hourly rates of pay for all time they worked, and CLG failed to pay these employees all their earned wages.

68.     CLG failed to exercise its duty to ensure Plaintiffs and the Putative Class Members were not performing work that CLG did not want performed during their unpaid "meal breaks."

69.     Despite accepting the benefits, CLG did not pay Plaintiffs and the Putative Class Members for the compensable work they performed during their "meal breaks."

70.     Thus, under CLG's uniform automatic meal break deduction policy, Plaintiffs and the Putative Class Members are denied overtime pay for those on-duty "meal breaks" in workweeks in which they worked in excess of 40 hours in violation of the FLSA, Oregon wage laws, and the WMWA.

71.     Likewise, under CLG's uniform automatic meal break deduction policy, Plaintiffs and the Putative Class Members are denied "straight time" pay for those on-duty "meal breaks" in workweeks in which they worked fewer than 40 hours in violation of Oregon wage laws and the WWRA.

72.     Further, in addition to depriving these employees of time worked during their unpaid meal breaks, CLG also subjects Plaintiffs and the Putative Class Members to its uniform policy of automatically rounding their recorded time punches to the nearest 15-minute increment for CLG's primary benefit.

73.     CLG's uniform rounding policy violates the FLSA, Oregon wage laws, and the WMWA by depriving Plaintiffs and the Putative Class Members of overtime pay for all overtime hours worked because CLG fails to include all work time in these employees' total hours worked.

ORIGINAL COMPLAINT - 9

74.    Likewise, CLG's uniform rounding policy violates Oregon wage laws and the WWRA by depriving Plaintiffs and the Putative Class Members of "straight time" pay for all hours worked up to 40 hours in a workweek because CLG fails to include all work time in these employees' total hours worked.

75.    CLG knows Plaintiffs and the Putative Class Members routinely perform work "off the clock" during their unpaid meal breaks because CLG expects and requires these employees to do so.

76.    But CLG does not pay Plaintiffs and the Putative Class Members for their routine "off the clock" work, including those hours worked in excess of 40 hours in a workweek, in violation of the FLSA and applicable state wage laws.

77.    Kastel worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

78.    Hoy also worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

79.    Likewise, each Putative Class Member worked more than 40 hours in at least one workweek during the 3 years before this Complaint was filed.

80.    Indeed, Plaintiffs and the Putative Class Members typically work 12-hour shifts for 5-6 days a week.

81.    And Plaintiffs and the Putative Class Members regularly are also required to work during their unpaid meal breaks "off the clock" to complete their job duties and patient care responsibilities.

82.    As a result, Plaintiffs and the Putative Class Members routinely work in excess of 40 hours in a typical workweek.

ORIGINAL COMPLAINT - 10

83.     When Plaintiffs and the Putative Class Members worked more than 40 hours in a workweek, CLG did not pay them 1.5 times their regular hourly rate for all overtime hours worked because CLG failed to include time these employees worked during their unpaid meal breaks in their total number of hours worked in a given workweek.

84.     Likewise, when Plaintiffs and the Putative Class Members worked fewer than 40 hours in a workweek, CLG did not pay them "straight time" pay at their regular hourly rates for all hours worked because CLG failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek.

85.     CLG owns and/or operates all the healthcare facilities where Plaintiffs and the Putative Class Members work.

86.     CLG controls and dictates Plaintiffs' and the Putative Class Members' rates and methods of pay.

87.     CLG maintained control, oversight, and direction over Plaintiffs and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages (including overtime compensation), meal breaks, performance standards, and other employment policies.

88.     At all relevant times, CLG maintained control, oversight, and direction of Plaintiffs and the Putative Class Members, including, but not limited to, hiring, firing, disciplining, and other employment practices.

89.     Indeed, CLG dictates the hiring standards and all other employment policies and practices in place at its various healthcare facilities where Plaintiffs and the Putative Class Members work.

90.     CLG has the authority to hire, fire, and discipline the employees working at its various healthcare facilities, including Plaintiffs and the Putative Class Members.

ORIGINAL COMPLAINT - 11

91.     CLG controls Plaintiffs' and the Putative Class Members' schedules and assignments.

92.     CLG controls Plaintiffs' and the Putative Class Members' work.

93.     CLG requires Plaintiffs and the Putative Class Members to follow CLG's policies, procedures, and specifications.

94.     Plaintiffs' and the Putative Class Members' work must strictly adhere to the quality standards put in place by CLG.

95.     CLG prohibits Plaintiffs and the Putative Class Members from varying their job duties outside CLG's guidelines and expectations and requires Plaintiffs and the Putative Class Members to follow CLG's policies, procedures, and directives.

96.     CLG's facilities have centralized ownership, management, and human resources department.

97.     Without the job performed by Plaintiffs and the Putative Class Members, CLG would not be able to complete its business objectives of operating healthcare facilities across the country, including in Washington and Oregon.

98.     Plaintiffs and the Putative Class Members rely on CLG for work and compensation.

99.     Plaintiffs and the Putative Class Members did not substantially invest in the tools, materials, and equipment required to complete their patient care job duties.

100.    Rather, CLG incurred the large-scale business and operating expenses like payroll, marketing, healthcare facilities and hospitals, medical equipment and tools, etc. that the employees working at its various healthcare facilities, including Plaintiffs and the Putative Class Members, needed to perform their patient care jobs.

101.    CLG set Plaintiffs' and the Putative Class Members' work schedule, which prohibited them from working other jobs while working for CLG.

ORIGINAL COMPLAINT - 12

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

102.    CLG maintains employment records for the employees working at its various healthcare facilities, including Plaintiffs and the Putative Class Members.

103.    In sum, the patient care employees that work in CLG's various healthcare facilities, including Plaintiffs and the Putative Class Members, are CLG's employees.

104.    CLG knew, or should have known, it was subject to the FLSA and applicable state wage laws, including their respective overtime provisions.

105.    CLG knew, or should have known, the FLSA, Oregon wage laws, and the WMWA required it to pay employees, including Plaintiffs and the Putative Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

106.    CLG knew, or should have known, Oregon wages laws required it to pay employees, including Plaintiffs and the Oregon Class members all wages earned at the rates CLG agreed to pay them for all hours worked.

107.    CLG knew, or should have known, the WWRA required it to pay employees, including Hoy and the Washington Class Members all wages earned at the rates CLG agreed to pay them for all hours worked.

108.    CLG knew, or should have known, Plaintiffs and the Putative Class Members worked more than 40 hours in a week.

109.    CLG knew, or should have known, Plaintiffs and the Putative Class Members regularly worked during their unpaid meal breaks because CLG expected and required them to do so.

110.    Indeed, Plaintiffs and the Putative Class Members regularly complained to CLG management and supervisors about being forced to work through their unpaid meal breaks.

ORIGINAL COMPLAINT - 13

111.    CLG knew, should have known, or showed reckless disregard for, whether the conduct described in this Complaint violated the FLSA and applicable state wage laws.

112.    CLG knowingly, willfully, and/or in reckless disregard carried out these illegal policies and practices that deprived Plaintiffs and the Putative Class Members of overtime compensation for all overtime hours worked in violation of the FLSA and applicable state wage laws.

113.    Nonetheless, CLG failed to pay Plaintiffs and the Putative Class Members overtime for all hours these employees worked in excess of 40 hours in a workweek.

114.    Likewise, CLG failed to pay Plaintiffs and the Putative Class Members all their wages earned, at the rates CLG agreed to pay them, for all hours worked.

115.    CLG's failure to pay Plaintiffs and the Putative Class Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime for all overtime hours worked made in good faith.

116.    Likewise, CLG's failure to pay Plaintiffs and the Putative Class Members all wages earned at the rates CLG agreed to pay them was neither reasonable, nor was the decision not to pay these employees all wages earned at the rates CLG agreed to pay them made in good faith.

CLASS & COLLECTIVE ACTION ALLEGATIONS

117.    Plaintiffs bring their claims as a class and collective action under the § 216(b) of the FLSA and FED. R. CIV. P. 23.

118.    The Putative Class Members were victimized by CLG's pattern, practice, and/or policy, which is in willful violation of the FLSA and Oregon wage laws.

119.    Other Putative Class Members worked with Plaintiffs and indicated they were paid in the same manner, performed similar work, and were subject to CLG's same automatic meal break deduction policy.

ORIGINAL COMPLAINT - 14

120. Based on their experiences with CLG, Plaintiffs are aware CLG's illegal practices were imposed on the Putative Class Members.

121. The Putative Class Members are similarly situated in all relevant respects.

122. The Putative Class Members were all subject to CLG's automatic meal break deduction policy that deprived these employees of wages, including overtime pay, for all hours worked, including those worked in excess of 40 hours in a workweek.

123. Even if their precise job duties and locations might vary somewhat, these differences do not matter for the purposes of determining their entitlement to overtime.

124. Therefore, the specific job titles or precise job locations of the various members of the Putative Class do not prevent class or collective treatment.

125. Rather, the Putative Class is held together by CLG's uniform automatic meal break deduction policy that systematically deprived Plaintiffs and the Putative Class Members of wages, including overtime pay, for all hours worked, including those hours worked in excess of 40 hours in a workweek.

126. CLG's failure to pay wages and overtime compensation for all overtime hours worked as required by the FLSA and analogous state wage laws results from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

127. The Putative Class Members are similarly denied "straight time" pay when they worked fewer than 40 hours in a workweek.

128. The Putative Class Members are similarly denied overtime when they work more than 40 hours per week.

129. The back wages owed to Plaintiffs and the Putative Class Members will be calculated using the same records and using the same formula.

ORIGINAL COMPLAINT - 15

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

130.    Plaintiffs' experiences are therefore typical to the experiences of the Putative Class Members.

131.    Plaintiffs have no interest contrary to, or in conflict with, the Putative Class Members.

132.    Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid wages owed to them under state and/or federal law.

133.    A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

134.    Absent this class and collective action, many Putative Class Members likely will not obtain redress for their injuries, and CLG will reap the unjust benefits of violating the FLSA and applicable state labor laws.

135.    Further, even if some of the Putative Class Members could afford individual litigation against CLG, it would be unduly burdensome to the judicial system.

136.    Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual Putative Class Members and provide for judicial consistency.

137.    The questions of law and fact that are common to each member of the Putative Classes predominate over any questions affecting solely the individual members.

138.    Among the common questions of law and fact are:

a.    Whether CLG engaged in a policy and practice of automatic time deductions for meal periods that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or applicable state wage laws;

b.    Whether CLG's automatic meal break deduction policy deprived Plaintiffs and the Putative Class Members of pay for time worked during meal periods

ORIGINAL COMPLAINT - 16

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

that were not *bona fide*, continuous, and uninterrupted in violation of the FLSA and/or applicable state wage laws;

c. Whether CLG failed to pay Plaintiffs and the Putative Class Members overtime for all hours worked in excess of 40 hours in a workweek, including hours worked during missed and interrupted meal breaks in violation of the FLSA and/or applicable state wage laws;

d. Whether CLG failed to pay Plaintiffs and the Oregon Class Members "straight time" pay at their agreed hourly rates for all hours worked because CLG failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of Oregon wage laws;

e. Whether CLG failed to pay Hoy and the Washington Class Members "straight time" pay at their agreed hourly rates for all hours worked because CLG failed to include time these employees worked during their meal breaks in their total number of hours worked in a given workweek in violation of the WWRA;

f. Whether CLG knew, or had reason to know, Plaintiffs and the Putative Class Members were requested, suffered, permitted, or allowed to work during their unpaid meal breaks in violation of the FLSA and/or applicable state wage laws;

g. Whether CLG's violations of the FLSA and/or applicable state wage laws resulted from a continuing course of conduct;

ORIGINAL COMPLAINT - 17

h.      Whether CLG's decision not to pay Plaintiffs and the Putative Class Members overtime compensation for all overtime hours worked as made in good faith;

i.       Whether CLG's decision not to pay Plaintiffs and the Putative Class Members all wages earned for all hours worked as made in good faith; and

j.       Whether CLG's violations of the FLSA and/or applicable state wage laws were willful.

139.     Plaintiffs and the Putative Class Members sustained damages arising out of CLG's illegal and uniform employment policies.

140.     Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to CLG's records, and there is no detraction from the common nucleus of liability facts.

141.     Therefore, the issue of damages does not preclude class or collective treatment.

142.     Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a class or collective action.

143.     CLG is liable under the FLSA and applicable state wage laws for failing to pay overtime to Plaintiffs and the Putative Class Members.

144.     Consistent with CLG's illegal automatic meal break deduction policy, Plaintiffs and the Putative Class Members were not paid "straight time" pay (at their regular hourly rates) for all hours worked when they work fewer than 40 hours in a workweek.

145.     Consistent with CLG's illegal automatic meal break deduction policy, Plaintiffs and the Putative Class Members were not paid overtime compensation for all overtime hours worked.

ORIGINAL COMPLAINT - 18

146.    As part of its regular business practices, CLG intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and applicable state wage laws with respect to Plaintiffs and the Putative Class Members.

147.    CLG's illegal automatic meal break deduction policy deprived Plaintiffs and the Putative Class Members of wages for all hours worked, including those worked in excess of 40 hours in a workweek, which they are owed under federal and/or state law.

148.    There are many similarly situated Putative Class Members who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

149.    This notice should be sent to the Putative Class Members pursuant to 29 U.S.C. § 216(b).

150.    Those similarly situated employees are known to CLG, are readily identifiable, and can be located through CLG's records.

<u>COUNT I</u>

FAILURE TO PAY OVERTIME UNDER THE FLSA
(FLSA COLLECTIVE)

151.    Plaintiffs reallege and incorporate all other paragraphs by reference.

152.    Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and the FLSA Collective Members under 29 U.S.C. § 216(b).

153.    CLG violated, and is violating, the FLSA by failing to pay Plaintiffs and the FLSA Collective Members overtime wages at rates not less than 1.5 times these employees' regular rates of pay for all hours worked in excess of 40 in a single workweek, including hours worked "off the clock" during these employees' unpaid meal periods.

154.    Throughout the relevant period, CLG automatically deducted 30 minutes/shift from Plaintiffs' and the FLSA Collective Members' work time for "meal breaks."

ORIGINAL COMPLAINT - 19

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

155.     But throughout the relevant period, CLG expected and required Plaintiffs and the FLSA Collective Members to remain on-duty and be available to work during their unpaid meal breaks.

156.     Plaintiffs and the FLSA Collective Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which CLG derived a direct and substantial benefit.

157.     CLG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the FLSA Collective Members overtime compensation for all overtime hours worked.

158.     CLG's failure to pay Plaintiffs and the FLSA Collective Members overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay these employees overtime compensation for all overtime hours worked made in good faith.

159.     Accordingly, Plaintiffs and the FLSA Collective Members are entitled to recover their unpaid overtime wages under the FLSA in an amount equal to 1.5 times their regular hourly rates of pay, plus an equal amount as liquidated damages, and attorney's fees and costs.

COUNT II
FAILURE TO PAY OVERTIME UNDER OREGON LAW
(OREGON CLASS)

160.     Plaintiffs reallege and incorporate all other paragraphs by reference.

161.     Plaintiffs bring their Oregon overtime claim as a class action on behalf of themselves and the Oregon Class Members pursuant to FED. R. CIV. P. 23.

162.     At all relevant times, CLG was an "employer" within the meaning, and subject to the requirements, of Oregon wage laws. *See* ORS § 653.010(3).

163.     At all relevant times, CLG "employed" Kastel, Hoy, and each Oregon Class Member within the meaning of Oregon wage laws. *See* ORS § 653.010(2).

ORIGINAL COMPLAINT - 20

164.    At all relevant times, Kastel, Hoy, and each Oregon Class Member were covered "employees" entitled to overtime compensation. *See* ORS § 653.020.

165.    Under ORS § 653.261 and OAR 839-020-0030, employers, like CLG, are required to pay employees, including Plaintiffs and the Oregon Class Members, overtime wages at rates not less than 1.5 times their regular rates of pay for all hours worked in excess of 40 hours in a workweek.

166.    CLG violated, and is violating, Oregon overtime laws by failing to pay Plaintiffs and the Oregon Class Members overtime wages for all hours worked in excess of 40 in a workweek, including those hours worked during these employees' unpaid "meal breaks." *See* ORS § 653.261; OAR 839-020-0030.

167.    Throughout the relevant period, CLG automatically deducted 30 minutes/shift from Plaintiffs' and the Oregon Class Members' work time for "meal breaks."

168.    But throughout the relevant period, CLG expected and required Plaintiff and the Oregon Class Members to remain on-duty and be available to work throughout their shifts, including during their unpaid meal breaks.

169.    Plaintiffs and the Oregon Class Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which CLG derived a direct and substantial benefit.

170.    CLG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Oregon Class Members overtime compensation for all overtime hours worked.

171.    CLG's failure to pay these employees overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

ORIGINAL COMPLAINT - 21

172.    Accordingly, Plaintiffs and the Oregon Class Members are entitled to recover their unpaid overtime compensation, civil penalties pursuant to ORS § 652.150, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 653.055(1) and (4); ORS § 652.200; ORS § 82.010.

COUNT III

FAILURE TO PAY ALL WAGES UNDER OREGON LAW
(OREGON CLASS)

173.    Plaintiffs reallege and incorporate all other paragraphs by reference.

174.    Plaintiffs bring their Oregon "straight time" claim as a class action on behalf of themselves and the Oregon Class Members pursuant to FED. R. CIV. P. 23.

175.    At all relevant times, CLG was an "employer" within the meaning, and subject to the requirements, of Oregon wage laws. *See* ORS § 653.010(3).

176.    At all relevant times, CLG "employed" Kastel, Hoy, and each Oregon Class Member within the meaning of Oregon wage laws. *See* ORS § 653.010(2).

177.    At all relevant times, Kastel, Hoy, and each Oregon Class Member were covered "employees" within the meaning of Oregon wage laws. *See* ORS § 653.020.

178.    Under ORS § 652.120 and 653.0101, employers, like CLG, are required to pay employees, including Plaintiffs and the Oregon Class Members, all wages earned for all hours worked at the rate agreed to by the parties.

179.    During the course of their employment, CLG agreed to pay Kastel, Hoy, and each Oregon Class Member an hourly rate for all hours they worked.

180.    Kastel, Hoy, and each Oregon Class Member accepted CLG's offer.

181.    But during the course of their employment, CLG failed to pay Plaintiffs and the Oregon Class Members for all time they worked at the rates CLG agreed to pay them for all hours

ORIGINAL COMPLAINT - 22

of work they performed for CLG because CLG automatically deducted 30 minutes/shift from these employees' recorded hours worked.

182.    CLG violated, and is violating, Oregon wage laws by failing to pay Plaintiffs and the Oregon Class Members all wages earned at the rates CLG agreed to pay them for all hours of work they performed. *See* ORS §§ 652.120 and 653.0101.

183.    Plaintiffs and the Oregon Class Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which CLG derived a direct and substantial benefit.

184.    CLG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiffs and the Oregon Class Members all wages earned for all hours worked at the rates CLG agreed to pay them.

185.    CLG's failure to pay these employees all wages earned for all hours worked at the rates CLG agreed to pay them was neither reasonable, nor was the decision not to pay them all wages earned for all hours worked at the rates CLG agreed to pay them made in good faith.

186.    Accordingly, Plaintiffs and the Oregon Class Members are entitled to recover their unpaid "straight time" compensation, pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS § 652.200; ORS § 82.010.

<u>COUNT IV</u>
UNLAWFUL DEDUCTIONS UNDER OREGON LAW
(OREGON CLASS)

187.    Plaintiffs reallege and incorporate all other paragraphs by reference.

188.    Plaintiffs bring their Oregon wage deductions claim as a class action on behalf of themselves and the Oregon Class members pursuant to FED. R. CIV. P. 23.

189.    At all relevant times, CLG was an "employer" within the meaning, and subject to the requirements, of Oregon wage laws. *See* ORS § 653.010(3).

ORIGINAL COMPLAINT - 23

190.     At all relevant times, CLG "employed" Kastel, Hoy, and each Oregon Class Member within the meaning of Oregon wage laws. *See* ORS § 653.010(2).

191.     At all relevant times, Kastel, Hoy, and each Oregon Class Member were covered "employees" within the meaning of Oregon wage laws. *See* ORS § 653.020.

192.     CLG violated, and is violating, Oregon wage deduction laws by automatically deducting time from Plaintiffs' and the Oregon Class Members' wages for so-called "meal breaks."

193.     Such deductions were unauthorized withholdings in violation of ORS § 652.610.

194.     As a result of CLG's unlawful deductions for so-called meal breaks, Plaintiffs and the Oregon Class Members are entitled to recover their actual damages in the form of back wages or $200 per violation, whichever is greater, as well as pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 82.010, 652.615, 652.200.

COUNT V

MEAL BREAK VIOLATIONS UNDER OREGON LAW
(OREGON CLASS)

195.     Plaintiffs reallege and incorporate all other paragraphs by reference.

196.     Plaintiffs bring their Oregon meal break claim as a class action on behalf of themselves and the Oregon Class members pursuant to FED. R. CIV. P. 23.

197.     At all relevant times, CLG was an "employer" within the meaning, and subject to the requirements, of Oregon wage laws. *See* ORS § 653.010(3).

198.     At all relevant times, CLG "employed" Kastel, Hoy, and each Oregon Class Member within the meaning of Oregon wage laws. *See* ORS § 653.010(2).

199.     At all relevant times, Kastel, Hoy, and each Oregon Class Member were covered "employees" within the meaning of Oregon wage laws. *See* ORS § 653.020.

200.     Under OAR 839-020-0050, employers, like CLG, are required to provide employees, including Plaintiffs and the Oregon Class Members, meal periods of not less than 30 continuous

ORIGINAL COMPLAINT - 24

minutes during which the employee is relieved of all duties for any shifts of at least 6 hours. Further, for shifts in excess of 14 hours, employers, like CLG, must provide employees, including Plaintiffs and the Oregon Class Members, a second 30-minute meal period.

201.    CLG violated, and is violating, Oregon meal break laws by automatically deducting times from Plaintiffs' and the Oregon Class Members' wages for so-called "meal breaks" that were not *bona fide*, continuous, and uninterrupted.

202.    Because Plaintiffs and the Oregon Class Members remain on-duty, subject to interruptions, and are not completely relieved of all duties during their unpaid "meal breaks," CLG's automatic meal break deduction policy violates Oregon wage laws. *See* OAR 839-030-0050.

203.    CLG's violations of Oregon meal break requirements were willful because CLG's automatic meal break deduction policy was implemented purposefully and not a product of inadvertence. *See* ORS § 652.150.

204.    Accordingly, Plaintiffs and the Oregon Class Members are entitled to declaratory relief that CLG's automatic meal break deduction policies violate Oregon meal break requirements.

205.    Plaintiffs and the Oregon Class Member are further entitled to recover their actual damages in the form of back wages, as well as pre- and post-judgment interest at a rate of 9% per annum, and attorney's fees and costs. *See* ORS §§ 82.010, 652.615, 652.200.

### COUNT VI

### FAILURE TO PAY OVERTIME UNDER THE WMWA
### (WASHINGTON CLASS)

206.    Hoy realleges and incorporates all other paragraphs by reference.

207.    Hoy brings her WMWA claim as a class action on behalf of herself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

208.    The conduct alleged violates the WMWA, REV. CODE WASH. CH. 49.46, *et seq.*

ORIGINAL COMPLAINT - 25

209.    At all relevant times, CLG was an "employer" subject to the requirements of the WMWA.

210.    At all relevant times, CLG employed Hoy and the Washington Class Members as "employees" within the meaning of the WMWA.

211.    The WMWA requires employers, like CLG, to pay employees, including Hoy and the Washington Class Members, overtime wages at a rate not less than 1.5 times their regular rate of pay for all hours worked in excess of 40 hours in any one workweek. *See* REV. CODE WASH. § 49.46.130

212.    Hoy and the Washington Class Members are entitled to overtime pay under the WMWA.

213.    CLG violated, and is violating, the WMWA by failing to pay Hoy and the Washington Class Members overtime compensation for all hours worked in excess of 40 in a workweek, including those hours worked during these employees' unpaid meal breaks. *See* REV. CODE WASH. § 49.46.130(1).

214.    Throughout the relevant period, CLG automatically deducted 30 minutes/shift from Hoy's and the Washington Class Members' work time for "meal breaks."

215.    But throughout the relevant period, CLG expected and required Hoy and the Washington Class Members to remain on-duty and be available to work throughout their shifts, including during their unpaid meal breaks.

216.    Hoy and the Washington Class Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which CLG derived a direct and substantial benefit.

ORIGINAL COMPLAINT - 26

217.    CLG knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay Hoy and the Washington Class Members overtime compensation for all overtime hours worked.

218.    CLG's failure to pay these employees overtime compensation for all overtime hours worked was neither reasonable, nor was the decision not to pay them overtime compensation for all overtime hours worked made in good faith.

219.    Accordingly, Hoy and the Washington Class Members are entitled to recover their unpaid overtime wages (REV. CODE WASH. § 49.46.090), plus an equal amount as liquidated damages (REV. CODE WASH. § 49.52.070), pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020), and attorney's fees and costs (REV. CODE WASH. § 49.48.030).

<u>COUNT VII</u>

WILLFULLY WITHHOLDING EARNED WAGES UNDER THE WWRA
(WASHINGTON CLASS)

220.    Hoy realleges and incorporates all other paragraphs by reference.

221.    Hoy brings her WWRA claim as a class action on behalf of herself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

222.    The conduct alleged violates the WWRA, REV. CODE WASH. CH. 49.52, *et seq.*

223.    At all relevant times, CLG was an "employer" subject to the requirements of the WWRA.

224.    At all relevant times, CLG employed Hoy and the Washington Class Members as "employees" within the meaning of the WWRA.

225.    The WWRA prohibits employers, like CLG, from depriving employees, including Hoy and the Washington Class Members, of "any part of [their] wage" and from paying "any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance or contract." REV. CODE WASH. § 49.52.050.

ORIGINAL COMPLAINT - 27

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

226.     During the course of their employment, CLG agreed to pay Hoy and each Washington Class Member an hourly rate for all hours worked under and up to 40 hours in a workweek.

227.     Hoy and each Washington Class Member accepted CLG's offer.

228.     But during the course of their employment, CLG willfully withheld wages from Hoy and the Washington Class Members (at the rates CLG agreed to pay them) for all hours they worked because CLG automatically deducted 30 minutes/shift from these employees' recorded hours worked for so-called "meal breaks."

229.     CLG violated, and is violating, the WWRA by willfully withholding wages earned from Hoy and the Washington Class Members. *See* REV. CODE WASH. § 49.52.050.

230.     Hoy and the Washington Class Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work that they performed and from which CLG derived a direct and substantial benefit.

231.     CLG willfully carried out this illegal pattern or practice of withholding wages earned from Hoy and the Washington Class Members.

232.     CLG's decision to willfully withhold wages earned from Hoy and the Washington Class Members was neither reasonable, nor was the decision to willfully withhold wages earned from Hoy and the Washington Class Members made in good faith.

233.     Accordingly, Hoy and the Washington Class Members are entitled to recover their unpaid "straight time" compensation (at their agreed hourly rates) plus exemplary damages in the amount of 2 times their willfully withheld wages (REV. CODE WASH. § 49.52.070), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

ORIGINAL COMPLAINT - 28

COUNT VIII

FAILURE TO PROVIDE *BONA FIDE* MEAL BREAKS UNDER WASHINGTON LAW
(WASHINGTON CLASS)

234.    Hoy realleges and incorporates all other paragraphs by reference.

235.    Hoy brings her Washington meal break claims as a class action on behalf of herself and the Washington Class Members pursuant to FED. R. CIV. P. 23.

236.    The conduct alleged violates the meal break requirements of the Washington Administrative Code, WASH. ADMIN. CODE § 296-126-092

237.    At all relevant times, CLG was an "employer" subject to the requirements of the Washington Administrative Code.

238.    At all relevant times, CLG employed Hoy and the Washington Class Members as "employees" within the meaning of the Washington Administrative Code.

239.    WASH. ADMIN. CODE § 296-126-092 requires employers, like CLG, to provide employees, including Hoy and the Washington Class Members, meal periods of at least 30 minutes which commence no less than two hours nor more than five hours from the beginning of the employee's shift.

240.    WASH. ADMIN. CODE § 296-126-092 further mandates that meal periods shall be paid when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

241.    Throughout the relevant period, CLG expected and required Hoy and the Washington Class Members to be available to work during their unpaid meal breaks.

242.    Because Hoy and the Washington Class Members were not relieved of all duties during their meal breaks but instead were subject to interruptions, CLG violated, and continues to violate, WASH. ADMIN. CODE § 296-126-092 when it automatically deducts 30 minutes from these

ORIGINAL COMPLAINT - 29

employees' recorded work time and wages when they work during meal periods that were not bona fide, continuous, and uninterrupted.

243.    Hoy and the Washington Class Members have been harmed as a direct and proximate result of CLG's unlawful conduct because they have been deprived of wages owed for work they performed and from which CLG derived a direct and substantial benefit.

244.    Accordingly, Hoy and the Washington Class Members are entitled to recover penalties in an amount not less than $25 nor more than $1,000 per violation (WASH. ADMIN. CODE § 296-126-226; REV. CODE WASH. §49.12.170), attorney's fees and costs (REV. CODE WASH. § 49.48.030), as well as pre- and post-judgment interest at a rate of 12% per annum (REV. CODE WASH. § 19.52.020).

JURY DEMAND

245.    Plaintiffs demand a trial by jury.

RELIEF SOUGHT

WHEREFORE, Plaintiffs, individually and on behalf of the Putative Class Members, seeks the following relief:

a.    An Order designating the FLSA Collective as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all FLSA Collective Members with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    An Order designating the Oregon Class as a class action pursuant to FED. R. CIV. P. 23;

c.    An Order designating the Washington Class as a class action pursuant to FED. R. CIV. P. 23;

ORIGINAL COMPLAINT - 30

d.     An Order appointing Plaintiffs and their counsel to represent the interests of the FLSA Collective, the Oregon Class, and the Washington Class;

e.     An Order pursuant to Section 16(b) of the FLSA finding CLG liable for unpaid overtime wages due to Plaintiffs and the FLSA Collective Members, plus liquidated damages in amount equal to their unpaid compensation;

f.     An Order pursuant to Oregon wage laws finding CLG liable for unpaid "straight time" and overtime wages due to Plaintiffs and the Oregon Class Members, as well as all available statutory and civil penalties;

g.     An Order finding CLG liable to Plaintiffs and the Oregon Class Members for failing to provide and ensure these employees received *bona fide* meal breaks in compliance with Oregon meal break requirements;

h.     An Order finding CLG liable to Hoy and the Washington Class Members for their unpaid overtime compensation owed under the WMWA, plus liquidated damages in an amount equal to their unpaid compensation;

i.     An Order finding CLG liable to Hoy and the Washington Class Members for unpaid "straight time" wages owed under the WWRA, as well as for exemplary damages in an amount equal to 2 times their willfully withheld wages;

j.     An Order finding CLG liable to Hoy and the Washington Class Members for failing to provide and ensure these employees received *bona fide* meal breaks in compliance with the Washington Administrative Code;

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

k.    Declaratory Relief finding CLG's automatic meal break deduction policy violates Oregon meal break requirements and/or the Washington Administrative Code;

l.    Judgment awarding Plaintiffs and the Putative Class Members all unpaid wages and other damages available under the FLSA, Oregon wage laws, the WMWA, WWRA, and Washington Administrative Code;

m.    An Order awarding attorney's fees, costs, and expenses;

n.    Pre- and post-judgment interest at the highest applicable rates; and

o.    Such other and further relief as may be necessary and appropriate.

ORIGINAL COMPLAINT - 32

JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
(713) 352-1100

1    Date: May 10, 2023                    Respectfully submitted,

2                                          FRANK FREED SUBIT & THOMAS, LLP

3                                          By: /s/ Michael Subit
                                               Michael C. Subit, WSBA #29189
4                                              msubit@frankfreed.com
                                               705 Second Ave., Suite 1200
5                                              Seattle, Washington 98104
                                               Telephone:  206.624.6711
6

7                                          JOSEPHSON DUNLAP, LLP

8                                          By: /s/ Michael Josephson
                                               Michael A. Josephson*
9                                              mjosephson@mybackwages.com
                                               Andrew W. Dunlap*
10                                             adunlap@mybackwages.com
                                               11 Greenway Plaza, Suite 3050
11                                             Houston, Texas 77046
                                               Telephone:  713.352.1100
12

13                                         BRUCKNER BURCH, PLLC

14                                         By: /s/ Rex Burch
                                               Richard J. (Rex) Burch*
15                                             rburch@brucknerburch.com
                                               11 Greenway Plaza, Suite 3025
16                                             Houston, Texas 77046
                                               Telephone: 713.877.8788
17

18                                         ANDERSON ALEXANDER, PLLC

19                                         By: /s/ Clif Alexander
                                               William C. (Clif) Alexander*
20                                             clif@a2xlaw.com
                                               Austin W. Anderson*
21                                             austin@a2xlaw.com
                                               101 N. Shoreline Blvd., Suite 610
22                                             Corpus Christi, Texas 78401
                                               Telephone: 361.452.1279
23

24                                         *Pro Hac Vice Applications Forthcoming

25                                         ATTORNEYS FOR PLAINTIFF &
                                           THE PUTATIVE CLASS MEMBERS
26

27

ORIGINAL COMPLAINT - 33