The Honorable John C. Coughenour

1

2

3

4

5

6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

7 | JORDAN KASTEL and STORMIE HOY,
Individually and for Others Similarly Situated,

8 |        Plaintiffs,

9 |    vs.

10 | CASCADE LIVING GROUP
MANAGEMENT, LLC, a Washington limited
liability company,

11

12 |        Defendant.

Case No: 2:23-cv-00684-JCC

**PLAINTIFF'S MOTION FOR
PRELIMINARY APPROVAL OF CLASS
AND COLLECTIVE SETTLEMENT**

Noted for Hearing:    TBD

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page i

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**TABLE OF CONTENTS**

1.  INTRODUCTION .................................................................................................................. 1
2.  FACTUAL BACKGROUND .................................................................................................. 2
3.  PROCEDURAL HISTORY .................................................................................................... 3
4.  TERMS OF THE SETTLEMENT .......................................................................................... 3
    A.  Basic terms and value.................................................................................................. 3
    B.  Class and Collective definitions................................................................................. 5
    C.  Allocations and awards............................................................................................... 5
    D.  Scope of release........................................................................................................... 6
    E.  Settlement administration. .......................................................................................... 6
5.  ARGUMENT & AUTHORITIES ............................................................................................ 7
    A.  The Court should grant preliminary approval of the Settlement. ............................. 7
    B.  The Court should conditionally certify the Class for settlement purposes................ 8
        i.    The Class is numerous and ascertainable. .......................................................... 9
        ii.   Plaintiffs' claims raise common issues of fact or law. ...................................... 9
        iii.  Plaintiffs' claims are typical of the claims of the Class................................... 10
        iv.   Plaintiffs and Class Counsel will adequately represent the Class................... 11
        v.    Rule 23(b)(3) requirements for class certification are also met...................... 11
    C.  The Settlement should be approved as fair, reasonable, and adequate...................... 13
        i.    The Settlement follows arm's-length negotiations between experienced counsel. ............. 14
        ii.   The terms of the Settlement are fair, reasonable, and adequate. ..................... 14
        iii.  The extensive informal discovery and mediation process enabled the Parties to make informed decisions regarding the Settlement.................................................. 15
        iv.   The Parties agreed to distribute settlement proceeds tailored to the Class and their respective claims...................................................................................... 16
        v.    Litigating the Action would not only delay recovery, it would also be expensive, time-consuming, and involve substantial risk. .................................... 17
    D.  The Service Award payments to Plaintiffs is reasonable. ........................................ 18
    E.  The requested attorneys' fees and costs are reasonable............................................ 19
    F.  The proposed Notice and Opt-in Forms are reasonable. .......................................... 22
6.  CONCLUSION .................................................................................................................... 24

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page ii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

**TABLE OF AUTHORITIES**

2
**Page(s)**

**Cases**

3

4
*Amchem Prod., Inc. v. Windsor,*
   521 U.S. 591 (1997)................................................................................13

5
*Bazzell v. Body Contour Center, LLC,*
   No. C16-0202JLR, 2016 WL 3655274 (W.D. Wash. July 8, 2016)................10

6

7
*Bell v. Consumer Cellular, Inc.,*
   No. 3:15-cv-941-SI, 2017 WL 2672073 (D. Or. June 21, 2017).....................21

8
*Boyd v. Bechtel Corp.,*
   485 F. Supp. 610 (N.D. Cal. 1979)..............................................................15

9

10
*Briseño v. Henderson,*
   998 F.3d 1014 (9th Cir. 2021) .....................................................................7

11
*Carter v. Anderson Merchandisers, LP,*
   No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010)...........14

12

13
*Chemical Bank v. City of Seattle (In re Washington Pub. Power Supply Sys. Sec. Litig.),*
   19 F.3d 1291 (9th Cir. 1994).......................................................................21

14
*Churchill Village, LLC v. Gen. Elec.,*
   361 F.3d 566 (9th Cir. 2004)................................................................14, 22

15

16
*City of Burlington v. Dague,*
   505 U.S. 557 (1992)...................................................................................21

17
*Demmings v. KKW Trucking, Inc.,*
   No. 3:14-cv-0494-SI, 2018 WL 4495461 (D. Or. Sept. 19, 2018).................20

18

19
*Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
   No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016) ...............8

20
*Eisen v. Carlisle & Jacquelin,*
   417 U.S. 156 (1974)...................................................................................22

21

22
*Franco v. Ruiz Food Prods.,*
   No. 1:10-cv-02354-SKO, 2012 WL 5941801 (E.D. Cal. Nov. 27, 2012) ........20

23
*Fry v. Hayt, Hayt & Landau,*
   198 F.R.D. 461 (E.D. Pa. 2000) .............................................................10, 11

24

25
*Guilbaud v. Sprint Nextel Corp.,*
   No. 3:13-CV-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016).........19

26

27

28
MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page iii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ...................................................................................... passim

*Hoffman v. Securitas Sec. Servs.*,
   No. CV07-502S-EJL, 2008 WL 5054684 (D. Id. Aug. 27, 2008) ..................................... 10

*Holmes v. Continental Can Co.*,
   706 F.2d 1144 (11th Cir. 1983) ..................................................................................... 17

*Ikonen v. Hartz Mountain Corp.*,
   122 F.R.D. 258 (S.D. Cal. 1998) ...................................................................................... 9

*In re Activision Sec. Litig.*,
   723 F. Supp. 1373 (N.D. Cal. 1989) ............................................................................... 20

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
   789 F. Supp. 2d 935 (N.D. Ill 2011) .............................................................................. 17

*In re AutoZone, Inc., Wage & Hour Empl. Practices Litig.*,
   289 F.R.D. 526 (N.D. Cal. 2012) ................................................................................... 18

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ......................................................................................... 15

*In re Syncor ERISA Litig.*,
   516 F.3d 1095 (9th Cir. 2008) ....................................................................................... 14

*Khadera v. ABM Indust., Inc.*,
   701 F. Supp. 2d 1190 (W.D. Wash. 2010) ..................................................................... 10

*Kilbourne v. Coca-Cola Co.*,
   No. 14CV984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015) ........................ 18

*Knight v. Red Door Salons, Inc.*,
   No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ....................................... 20

*Lewis v. Starbucks Corp.*,
   No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) ............. 16

*Lynn's Food Stores, Inc. v. United States*,
   679 F.3d 1350 (11th Cir 1982) ........................................................................................ 8

*May v. Wynn Las Vegas, LLC*,
   No. 2:15-cv-02142-RFB-DJA, 2021 WL 244929 (D. Nev. Jan. 25, 2021) ..................... 19

*Monterrubio v. Best Buy Stores, L.P.*,
   291 F.R.D. 443 (E.D. Cal. 2013) ................................................................................... 16

*Mullane v. Cent. Hanover Bank & Trust Co.*,
   339 U.S. 306 (1950) ...................................................................................................... 22

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Noyes v. Kelly Servs., Inc.,*
  No. 2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008).................................21

*Officers for Justice v. Civil Service Com'n of City and Cnty. of San Francisco,*
  688 F.2d 615 (9th Cir. 1982)....................................................................................................15

*Otey v. CrowdFlower, Inc.,*
  No. 12-CV-05524-JST, 2015 WL 153266 (N.D. Cal. Oct. 16, 2015)...........................................8

*Phillips Petroleum Co. v. Shutts,*
  472 U.S. 797 (1985)................................................................................................................22

*Powers v. Eichen,*
  229 F.3d 1249 (9th Cir. 2000) ................................................................................................20

*Romero v. Producers Dairy Foods, Inc.,*
  235 F.R.D. 474 (E.D. Cal. 2006)...............................................................................................9

*Rosales v. El Rancho Farms,*
  No. 1:09-CV-00707-AWI-JLT, 2015 WL 4460635 (E.D. Cal. July 21, 2015)..............................21

*Silber v. Mabon,*
  18 F.3d 1449 (9th Cir. 1993)..................................................................................................22

*Soto v. O.C. Communications, Inc.,*
  No. 3:17-cv-00251-VC, 2019 WL 13151723 (N.D. Cal. Oct. 23, 2019) ....................................19

*Staton v. Boeing Co.,*
  327 F.3d 938 (9th Cir. 2003)............................................................................................ 19, 20

*Vazquez v. Coast Valley Roofing,*
  266 F.R.D. 482 (E.D. Cal. 2010).............................................................................................20

*Viceral v. Mistras Grp., Inc.,*
  No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016).........................................15

*Villafan v. Broadspectrum Downstream Servs.,*
  No. 18-cv-06741-LB, 2020 WL 6822908 (N.D. Cal. Nov. 20, 2020)..........................................18

*Vizcaino v. Microsoft Corp.,*
  290 F.3d 1043 (9th Cir. 2002) ................................................................................................20

*Wang v. Chinese Daily News, Inc.,*
  737 F.3d 538 (9th Cir. 2013).............................................................................................10, 12

*Wren v. RGIS Inventory Specialists,*
  No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011)............................................14

*York v. Starbucks Corp.,*
  No. CV 08-07919 GAF PJWX, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011).............................18

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page v

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**Statutes**

29 U.S.C. § 216 ........................................................................................................ 8, 11

**Rules**

Fed. R. Civ. P. 23 ..................................................................................................passim

**Treatises**

Conte, Newberg on Class Actions (3d ed. 1992) ................................................. 23, 24

Manual for Complex Litigation (4th ed. 2004) ................................................... 23, 24

Posner, Economic Analysis of the Law (4th ed. 1992) ............................................. 21

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1. **INTRODUCTION**

Plaintiffs Jordan Kastel and Stormie Hoy ("Plaintiffs") move for preliminary approval of the Class and Collective Action Settlement (the "Settlement," attached as Exhibit 1 to the Declaration of William Hogg). The Settlement resolves all claims in this Action on a class-wide basis. As such, Plaintiffs move for an Order:

(a) Granting preliminary approval of the Settlement;

(b) Conditionally certifying the Class for settlement purposes;

(c) Approving the proposed schedule and procedure for administering the Settlement, including the Final Approval Hearing;

(d) Approving the Class Notice and Opt-in form (attached as Exhibits A-B to the Settlement);

(e) Preliminarily appointing and approving Class Counsel;

(f) Preliminarily approving Class Counsel's request for attorneys' fees and costs;

(g) Preliminarily appointing and approving Plaintiffs as Class Representatives;

(h) Preliminarily appointing and approving Simpluris as the Settlement Administrator; and

(i) Authorizing the Settlement Administrator to mail and email (where available) the approved Class Notice and Opt-in form to the Class Members.

Plaintiffs filed this Rule 23 class action and FLSA collective action against Defendant Cascade Living Group Management, LLC ("Defendant" or "Cascade") individually and on behalf of current and former non-exempt employees who worked for Cascade (the "Action"). The Action is based on Cascade's alleged violations of the FLSA, Washington, and Oregon labor laws. After more than a year of litigation, including informal exchange of discovery, and extensive settlement negotiations, the Parties reached a global settlement of the Action. Plaintiffs now seek preliminary approval of the Settlement.

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 1

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The Parties resolved the claims of approximately 6,400 current and former employees, for a total settlement of $1,100,000. With this proposed Settlement, the Parties are resolving numerous wage-and-hour claims unlikely to have been prosecuted as individual actions. The Settlement provides a reasonable benefit to the Class and an efficient outcome in the face of protracted litigation. The Settlement is fair, reasonable, and adequate in all respects, and Plaintiffs respectfully request the Court grant the requested approvals.

## 2.  FACTUAL BACKGROUND

Kastel is a former non-exempt employee of Cascade. He worked as a resident care coordinator at Defendant's facility in Stayton, Oregon from approximately January 2022 to November 2022. *See* ECF No. 1 at ¶ 15. Hoy worked for Cascade as a traveling caregiver at various locations in Washington and Oregon, from November 2021 to September 2022. *Id.* at ¶ 19. Cascade operates senior living communities across the United States, including in Oregon and Washington. *Id.* at ¶ 43. Plaintiffs and the Settlement Class members work for Cascade as hourly-paid, non-exempt employees. *See* Declaration of William Hogg at ¶ 8.

Plaintiffs allege they, and the putative Class, performed for work Cascade during unpaid meal periods, as well as performed unpaid work for Cascade due to Cascade's automatic time-rounding policies. Plaintiffs allege such meal periods and rounded work time should be compensated under the FLSA, Washington, and Oregon law. Plaintiffs allege they and others like them were required to remain on-duty during their unpaid meal breaks in accordance with Cascade's practices and policies. *See* ECF No. 1 at ¶¶ 50-116. Plaintiffs allege Cascade instituted an automatic time-rounding system that resulted, over time, in employees not being paid for all hours worked. *Id.*

Cascade denied, and continues to deny, these allegations, and denies all liability for Plaintiffs' claims. Cascade further denies Plaintiffs' allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes. Cascade argued its meal break and timekeeping policies were consistent with applicable law that to the extent there were any violations of the law,

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

if any, they occurred on an "ad hoc" basis and contrary to Cascade's established policy. Because Cascade claimed the policies were consistent with the law and any violations of the law, if any, were done on an ad hoc basis, Cascade did not believe the claims were susceptible to class or collective certification.

### 3. PROCEDURAL HISTORY

Plaintiffs filed this lawsuit against Cascade on May 10, 2023. *See* ECF No. 1. Plaintiffs allege Cascade violated the FLSA and wage-and-hour laws of Washington and Oregon by failing to pay non-exempt employees during their on-duty meal periods and for work performed while off-the-clock due to Cascade's time-rounding practices. On this basis, Plaintiffs brought claims against Cascade on behalf of a FLSA collective pursuant to 29 U.S.C. § 216(b) and putative classes for the Washington and Oregon state-law claims pursuant to Federal Rule of Civil Procedure 23. Cascade answered the lawsuit and asserted various affirmative defenses. *See* ECF No. 18.

The Parties thereafter agreed to exchange informal discovery and engaged in extensive arm's-length negotiations over several months. *See* Hogg Decl. at ¶ 18. As a result of those good faith negotiations, the parties reached a settlement in principle on April 5, 2024.

### 4. TERMS OF THE SETTLEMENT

#### A.    Basic terms and value.

Cascade agreed to pay a Gross Settlement Amount of $1,100,000 to settle the case. *See* Hogg Decl. at ¶22. The terms and conditions of that agreement are set forth in the Settlement. Hogg Decl., Ex. 1. The net amount available to pay settlement awards to the Class members is comprised of two parts: (a) the FLSA Net Settlement Fund ($100,000) and (b) the Class Net Settlement Fund, defined as "the Gross Settlement Amount less the Court-approved amounts for the FLSA Net Settlement Fund, Class Representative Service Payment, Class Counsel Fees Payment, Class Counsel Litigation Expenses Payment, and Settlement Administration Expenses." *Id.*, Ex. 1, § I (W) & (X).

MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 3

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The Gross Settlement amount resulted from substantial arm's length negotiations and significant investigation and analysis by Plaintiff's Counsel. Plaintiff's Counsel based their damages analysis and settlement negotiations on informal information exchanged between the parties, including payroll and timekeeping data about the Class Members (such as their total workweeks worked, average hourly rates of pay, average overtime rates of pay, average number of shifts worked, and other similar timekeeping/payroll data points provided by Cascade for purposes of assessing potential damages under different scenarios), as well as information provided by Plaintiffs. *Id.* at ¶23. Plaintiff's Counsel built a comprehensive damage model from these data points and applied statistical formulas to determine the potential damages for unpaid meal breaks and time-rounding based on a number of different scenarios (*e.g.*, probabilities of class/collective certification, probabilities of winning on the merits, and different outlooks based on variations in the class-wide assumptions for number of meal periods compensated and average time arrived at work). *Id.* at ¶¶23-24.

Using these formulas and scenarios, Plaintiff's Counsel calculated the total potential exposure if Plaintiffs prevailed on their claims at approximately $2,900,000. *Id.* at ¶25. The total amount of estimated damages exposure is broken down as follows:

Plaintiff's Counsel calculated the unpaid meal period exposure using the assumption that at least one unpaid 30-minute meal period was on-duty each workday (inclusive of overtime), that 7 minutes of time-rounding should be returned in putative Class members' favor, and that the Class Members worked overtime 75% of their workweeks, would total approximately $2,934,909.45 (inclusive of liquidated damages). *Id.* at ¶¶27-31. The negotiated Gross Settlement Amount of $1,100,000 represents approximately 37.48% of the maximum $2,900,000 (approx.) that Plaintiff's Counsel calculated for the core compensatory damages plus liquidated damages exposure. *Id.* at ¶32. Without liquidated damages, the maximum core unpaid wages damages would be $1,467,454.73. *Id.* Of that, the $1,100,000 represents approximately 74.96% of the maximum core unpaid wages exposure. *Id.* This figure is based on Plaintiff's Counsel's assessment of a best-case scenario. To have

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 4

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

obtained such a result at trial, Plaintiffs would have had to prove that all of the approximately 6,400 class members experienced meal break violations every shift, that their recorded work time was rounded in Cascade's favor each shift, that they worked at least 40 hours per week 75% of the time, and that Cascade acted knowingly or in bad faith. *Id*

Plaintiffs and their counsel considered the significant risks of continued litigation, described herein, when considering the proposed Settlement. *Id.* at ¶33. These risks were front and center, particularly given the nature of the meal break claims and time-rounding claims, which would be challenging to certify as a class action and/or to prove the claims on the merits. *Id.* In contrast, the Settlement will result in immediate and certain payment to the Class members of meaningful amounts, representing nearly 75% of their core unpaid wages (or 37.5% of their core claims for unpaid wages plus liquidated damages). These amounts provide significant compensation to the Class members, and the Settlement provides a reasonable recovery in the face of expensive and uncertain litigation. In light of all the risks, the settlement amount is fair, reasonable, and adequate. *Id.*

### B.    Class and Collective definitions.

The Class members are comprised of approximately 6,400 employees.

The putative FLSA Collective means all current and former class members who have either already opted-in to the FLSA collective action, or who otherwise timely submit a written consent to become Opt-in Plaintiffs in conjunction with the Settlement.

### C.    Allocations and awards.

Depending on the Court's award of attorneys' fees and other costs, the total amount to be paid to the Class Members will be approximately $671,903.33. This would be the sum of the FLSA Net Settlement Fund and the Class Net Settlement Fund if a one-third attorneys' fee is awarded, plus requested Class Counsel's litigation costs, Settlement Administrator costs, and service awards for Kastel and Hoy. *See* Hogg Decl. at ¶36. Class members will have the option to submit an opt-in form to participate in the FLSA collective action portion of the settlement. *Id.* at ¶37 and n.1. Each Class

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 5

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

members' settlement share will be determined as a pro-rata share of the FLSA Net Settlement Fund and the Class Net Settlement Amount based on the ratio of their workweeks worked within the class period relative to total workweeks of all Class Members during the relevant period. *Id.* Ex. 1 § I(G), III.C, III.D.2.

Plaintiff's Counsel also requests approval of a reasonable service payment to Named Plaintiffs and Class Representatives. *Id.* at ¶¶82-85.

**D.      Scope of release.**

The releases contemplated by the proposed Settlement are dependent upon whether a Class member files a written consent to become an Opt-in Plaintiff, whether they are a Rule 23-only participant, or whether they elect to opt-out of the settlement altogether. Opt-in Plaintiffs will release any and all claims under the FLSA based on or arising out of the same factual predicates of the Action, as well as any state-law wage-and-hour claims that could have been brought based on the factual allegations in the Complaint. *See* Ex. 1 § III.G. The Rule 23 Class members who do not submit an opt-in form to become part of the FLSA Collective will release any and all claims under applicable state or local laws, based on or arising out of the same factual predicates of the Action, including all claims that were or could have been raised in the Action and claims for unpaid wages (including minimum wages, overtime wages, meal/rest period violations, penalty damages, etc.), attorneys' fees, costs, disbursements and expenses, but will not release their potential FLSA claims unless they affirmatively opt-in to the FLSA portion of the case. *Id.* at § III.G.1-3. Plaintiffs Kastel and Hoy will agree to a general release of claims. *Id.* at § III.G.3.

The releases are effective upon final approval of the Settlement. *Id.* § III.G. The release timing extends through the date of preliminary approval of the Settlement. *Id.* at § I.J.

**E.      Settlement administration.**

The Parties have agreed to use Simpluris to administer the Settlement (the "Settlement Administrator"), for total fees and costs currently estimated at $44,650. *See* Hogg Decl. at ¶¶22, 45.

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 6

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The Settlement Administrator will distribute the Class and Collective Notice Packet, consisting of the Class and Collective Notice and the FLSA Collective Consent form, via email (if email addresses are available) and U.S. Mail, establish a settlement website where Class Members can access information and sign the FLSA opt-in form electronically, calculate individual settlement payments, calculate applicable taxes, withholdings and deductions, and prepare and issue all disbursements to Class Members, the Class Representative, Plaintiff's Counsel, and applicable state and federal tax authorities. *Id.*; *see also* Ex. 1, § III.B-F.

5. **ARGUMENT & AUTHORITIES**

   A.    **The Court should grant preliminary approval of the Settlement.**

   Under Rule 23(e)(1), a district court should direct notice of a proposed settlement to the class members who would be bound by it only if the parties show that the court will likely be able to approve the proposed settlement and certify the class for purposes of judgment. Fed. R. Civ. P. 23(e)(1); *see also Briseño v. Henderson*, 998 F.3d 1014, 1018-19 (9th Cir. 2021) (acknowledging revision of Rule 23(e)). "This decision has been called 'preliminary approval.'" Fed. R. Civ. P. 23 advisory committee's note on 2018 Amendment. Whether to grant preliminary approval and provide notice is committed to the sound discretion of the Court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlement satisfy two primary prerequisites before a court may grant certification for purposes of preliminary approval: (1) that the settlement class meets the requirements for class certification if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1020. This class action settlement satisfies the requirements of Rule 23(a) and (b), and it is fair, reasonable, and adequate in accordance with Rule 23(e)(2). *See* Hogg Decl. at ¶47. Accordingly, the Court should preliminarily approve the Settlement.

   In the FLSA context, Court approval is required for FLSA collective settlements, but the Ninth Circuit has not established criteria that a district court must consider in determining whether

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-05524-JST, 2015 WL 153266, at *3 (N.D. Cal. Oct. 16, 2015). Most courts in the Ninth Circuit first consider whether the named plaintiff is "similarly situated" to the putative collective members within the meaning of 29 U.S.C. § 216(b), and then evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350, 1355 (11th Cir 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741, at *4. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues … that are actually in dispute," the district court may "approve the settlement in order to promote the policy of encouraging settlement of litigation." *Lynn's Food Stores*, 679 F.2d at 1354; *Otey*, 2015 WL 6091741, at *4.

To date, Plaintiffs are the only individuals who have opted-in to the FLSA collective action. The Parties have agreed that Class members should be permitted to opt-in to the FLSA collective component of this case for settlement purposes by filing an opt-in form. *See, e.g.,* Ex. 1, at § I(U), III.C.

B.    **The Court should conditionally certify the Class for settlement purposes.**

A class may be certified under Rule 23 if (i) the class is so numerous that joinder of all members individually is "impracticable" and the class is ascertainable (numerosity and ascertainability), (ii) questions of law or fact are common to the class (commonality), (iii) the claims or defenses of the class representative are typical of the claims or defenses of the class (typicality), and (iv) the person representing the class is able to fairly and adequately protect the interests of the class members (adequacy). Fed. R. Civ. P. 23(a). Further, Rule 23(b)(3) provides that a class action seeking monetary relief may only be maintained if "the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R.

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Civ. P. 23(b)(3) (also called "predominance" and "superiority"). Applying this standard, courts have certified cases with similar allegations. Likewise here, the Class meets all of these requirements.[1]

### i.    The Class is numerous and ascertainable.

The numerosity prerequisite demands that a class be large enough that joinder of all members would be impracticable. Fed. R. Civ. P. 23(a)(1). While there is no exact numerical cut-off, courts have routinely found numerosity satisfied with classes of at least 40 members. *See, e.g., Ikonen v. Hartz Mountain Corp.*, 122 F.R.D. 258, 262 (S.D. Cal. 1998); *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474, 475 (E.D. Cal. 2006). Here, there are thousands of putative Class members, which is sufficiently numerous to render joinder impracticable. *See* Hogg Decl. at ¶49. The Class members are readily identifiable and ascertainable from Cascade's payroll and personnel records. *Id.* As such, numerosity is met here for settlement purposes.

### ii.    Plaintiffs' claims raise common issues of fact or law.

The commonality requirement of Rule 23(a)(2) "is met if there is at least one common question of law or fact." *Fry v. Hayt, Hayt & Landau*, 198 F.R.D. 461, 467 (E.D. Pa. 2000). Rule 23(a)(2) has been construed permissively. *Hanlon*, 150 F.3d at 1019. Plaintiffs "need not show that every question in the case, or even a preponderance of questions, is capable of classwide resolution." *Wang v. Chinese Daily News, Inc.*, 737 F.3d 538, 544 (9th Cir. 2013). "[E]ven a single common question" can satisfy the commonality requirement of Rule 23(a)(2). *Id.*

Plaintiffs contend common questions of law and fact are present here and predominate over individualized issues, satisfying paragraphs (a)(2) and (b)(3) of Rule 23, as alleged in the operative Complaint. *See* Hogg Decl. at ¶¶50-52. Plaintiffs allege Cascade has uniform policies applicable to the Class members. *Id.* Specifically, Plaintiffs allege the Class members are all subject to Cascade's

---

[1]  Cascade maintains that this case is not appropriate for class or collective treatment *except* for purposes of settlement. Cascade reserves the right to oppose class/collective action certification—and would dispute much of the following analysis—if the Settlement Agreement does not become effective.

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 9

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

common meal period and time-rounding policies. Plaintiffs allege Cascade's standardized policies, practices, and procedures impact the Class members in the same or common ways, creating pervasive issues of fact and law that are amenable to resolution on a class-wide basis. In particular, these Class members are largely subject to the same hiring and training processes, timekeeping, payroll, and compensation policies, and meal period policies and practices. *Id.* Because these questions can be resolved at the same juncture, Plaintiffs contend the commonality requirement is satisfied for the Class. *Id.*

With regards to the FLSA Collective Acon, the Class members are also "similarly situated" as that term has been interpreted by copious case law. *See, e.g, Bazzell v. Body Contour Center, LLC*, No. C16-0202JLR, 2016 WL 3655274, at *6 (W.D. Wash. July 8, 2016); *Khadera v. ABM Indust., Inc.*, 701 F. Supp. 2d 1190, 1194 (W.D. Wash. 2010); *Hoffman v. Securitas Sec. Servs.*, No. CV07-502S-EJL, 2008 WL 5054684, at *2 (D. Id. Aug. 27, 2008). Plaintiffs allege these workers are similarly classified as non-exempt from overtime and are all subject to either Cascade's unpaid meal period policy and/or time-rounding policies and practices. Because Cascade maintains various common policies and practices as to what work they compensated and what time they do not compensate, and apply these policies and practices to the Class members, Plaintiffs contend commonality is satisfied, as well as 29 U.S.C. § 216(b)'s "similarly situated" requirement. *See* Hogg Decl. at ¶52.

### iii.     Plaintiffs' claims are typical of the claims of the Class.

"Rule 23(a)(3) requires that the claims of the named parties be typical of the claims of the members of the class." *Fry*, 198 F.R.D. at 468. "Under the rule's permissible standards, a representative's claims are 'typical' if they are reasonably coextensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. Here, Plaintiffs contend their claims are typical of the other Class members. *See* Hogg Decl. at ¶¶53-54. The Class members were subject to the allegedly illegal policies and practices that form the basis of the wage-and-hour claims asserted by Plaintiffs in this case with respect to unpaid meal periods and time-rounding. *Id.*

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 10

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Review of Cascade's timekeeping and payroll data will confirm, either up or down, whether these Class members were subjected to the same meal break and timekeeping policies and practices to which Plaintiffs alleged they were subjected. *Id.* Thus, Plaintiffs contend the typicality requirement is also satisfied. *Id.*

### iv.     Plaintiffs and Class Counsel will adequately represent the Class.

To meet the Rule 23(a)(4) adequacy requirement, a class representative must show "(1) that the putative named plaintiff has the ability and the incentive to represent the claims of the class vigorously; (2) that he or she has obtained adequate counsel; and (3) that there is no conflict between the individual's claims and those asserted on behalf of the class." *Fry*, 198 F.R.D. at 469. Plaintiffs' claims are in line with the claims of the Class, and Plaintiffs are not antagonistic to the claims of the Class members. *See* Hogg Decl. at ¶¶55-56. Plaintiffs have prosecuted this case with the interests of the Class members in mind. *Id.* Moreover, Plaintiff's Counsel has extensive experience in class action, collective action, and employment litigation, including wage-and-hour class and collective actions, and do not have any conflict with the Class. *Id.* at ¶¶5-7, 56.

### v.     Rule 23(b)(3) requirements for class certification are also met.

Under Rule 23(b)(3), Plaintiffs must demonstrate common questions "predominate over any questions affecting only individual members" and that a class action is "superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "The predominance analysis under Rule 23(b)(3) focuses on 'the relationship between the common and individual issues' in the case and 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Wang*, 737 F.3d at 545.

Here, Plaintiffs contend the common questions raised in this action predominate over any individualized questions concerning the Class. *See* Hogg Decl. at ¶¶50-52, 57. The Class is cohesive because resolution of Plaintiffs' claims hinge on Cascade's uniform meal period and timekeeping policies and practices, rather than the treatment of Class members on an individualized basis. *Id.* As

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 11

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

a result, Plaintiffs contend the resolution of these alleged class claims would be achieved through the use of common forms of proof, such as Cascade's uniform policies, payroll records, and timekeeping records, and would not require inquiries specific to individual Class members. *Id.*

Further, Plaintiffs contend the class action mechanism is the superior method of adjudication compared to a multitude of individual suits of individual joinder of over 6,000 individual claims. *Id.* at ¶¶58-59. To determine whether the class approach is superior, courts are to consider: (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(A)-(D).

Here, the Class members do not have a strong interest in controlling their individual meal period and time-rounding claims. *See* Hogg Decl. at ¶¶58-59. The action involves more than 6,000 workers with similar, but relatively small, claims for monetary injury. *Id.* If the Class members proceeded on their claims as individuals, their many individual suits would require duplicative discovery and litigation, and each Class member would have to personally participate in the litigation effort to an extent that would never be required in a large class proceeding. *Id.* Thus, Plaintiffs contend the class action mechanism would efficiently resolve numerous substantially similar claims at the same time while avoiding a waste of judicial resources and eliminating the possibility of conflicting decisions from repetitious litigation. *Id.*

The issues raised by the present case are much better handled collectively by way of a settlement. *Id.* at ¶60. Manageability is not a concern in the settlement context. *Amchem Prod., Inc. v. Windsor*, 521 U.S. 591, 593 (1997). The Settlement presented here provides finality, ensures the workers receive substantial redress for their claims, and avoids clogging the legal system with an

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 12

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

abundance of cases. *See* Hogg Decl. at ¶61. Accordingly, class treatment is efficient and warranted, and the Court should preliminarily certify the Class for settlement purposes.

### C.    The Settlement should be approved as fair, reasonable, and adequate.

In deciding whether to approve a proposed class or collective settlement, the Court must find the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). Under Rule 23(e)(2), a district court considers whether (A) the class representative and her counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided by the settlement is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief including the method of processing class-member claims, if required; (iii) the terms of any proposed award of attorneys' fees, including timing of payment; (iv) any agreement required to be identified under rule 23(e)(3) made in connection with the proposed settlement; and (v) the proposal treats class members equitably relative to each other. Fed. R. Civ. P. 23(e)(2).

These factors are similar to those previously identified by the Ninth Circuit, including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extend of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (citing *Hanlon*, 150 F.3d at 1026). Importantly, courts apply a presumption of fairness "if the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the proposed settlement is fair, reasonable, and adequate.

MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 13

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

     i.    **The Settlement follows arm's-length negotiations between experienced counsel.**

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. Further, where counsel are well-qualified to represent the proposed class and collective in a settlement based on their extensive class and collective action experience and familiarity with the strengths and weaknesses of the action, courts find this factor supports a finding of fairness. *Wren*, 2011 WL 1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL 1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

Here, the settlement was a product of non-collusive, arm's-length negotiations. *See* Hogg Decl. at ¶79. The Parties spent months in earnest, good faith settlement negotiations before reaching an agreement in principle. *Id.* The Parties then spent weeks negotiating the material terms of the Settlement, and additional weeks negotiating the Settlement, with several rounds of revisions related to the terms and details of the Settlement. *Id.* at ¶80. Plaintiffs are represented by experienced and respected litigators of representative wage and hour actions, and these attorneys strongly believe the proposed Settlement achieves an excellent result for the Class Members. *Id.* at ¶81.

     ii.    **The terms of the Settlement are fair, reasonable, and adequate.**

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Officers for Justice v. Civil Service Com'n of City and Cnty. of San Francisco*, 688 F.2d 615, 623 (9th Cir. 1982); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement representing 8.1% of the total possible estimated verdict value). A review of the Settlement reveals the fairness, reasonableness, and adequacy of its terms. *See* Hogg Decl. at ¶62. The Gross Settlement Amount of $1,100,000, which represents approximately 75% of the approximately $1,467,454 that Plaintiff's

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 14

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Counsel calculated as Cascade's potential unpaid wages exposure (not including liquidated damages). *Id.* at ¶63. This figure is based on Plaintiff's Counsel's assessment of a best-case scenario. To have obtained such a result at trial, Plaintiffs would have had to prove all of the approximately 6,400 class members experienced meal break violations every shift, their recorded work time was rounded in Cascade's favor each shift, the class members worked overtime 75% of their workweeks, and that Cascade acted knowingly. *Id.* at ¶64. These figures would have been hotly contested. *Id.* The result is well within the reasonable standard when considering the difficulty and risks presented by pursuing further litigation. *Id.* The final settlement amount takes into account the substantial risks inherent in any class action wage-and-hour case, as well as the procedural posture of the Action and the specific defenses asserted by Cascade. *Id.* at ¶65; *Officers for Justice*, 688 F.2d at 623.

### iii. The extensive informal discovery and mediation process enabled the Parties to make informed decisions regarding the Settlement.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may also assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 443, 454 (E.D. Cal. 2013).

The Parties engaged in substantial informal discovery which enabled both sides to assess the claims and potential defenses in this Action. *See* Hogg Decl. at ¶68. The Parties were able to accurately assess the legal and factual issues that would arise if the case proceeded to trial. *Id.* Plaintiff's Counsel also relied on their substantial litigation experience in similar wage and hour class and collective actions. *Id.* at ¶¶5-7, 69. Plaintiff's Counsel's liability and damages evaluation was premised on an analysis of different litigation outcomes and scenarios. *Id.* at ¶70. Ultimately, facilitated by the earnest discussions between counsel, the Parties used this information and data exchange to fairly resolve the litigation. *Id.* at ¶71.

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

### iv.    The Parties agreed to distribute settlement proceeds tailored to the Class and their respective claims.

To ensure fairness, the Parties agreed to allocate the settlement proceeds amongst Class Members in a manner that recognizes the amount of time each Class Member worked for Cascade within the class period. The allocation method, which is based on the Class Members' total workweeks within the class period, ensures workers with longer tenure and who worked more will receive a greater recovery. The allocation was made based on Class Counsel's assessment to ensure that employees are compensated accordingly and in the most equitable manner. *See* Hogg Decl. at ¶66. Class Members are also incentivized to join the FLSA collective action portion of this case by opting-in, which will increase their settlement award if they decide to join the collective action. *Id.* at ¶67. This calculation method incentivizes participation in the FLSA collective action while avoiding "double recovery." *Id.* Each Class Member will receive a settlement share, which is calculated by first dividing individual workweeks during the respective Class Period by the total amount of workweeks would by all Participating Class Members during the Class Period. This ratio will then be applied to the Class Net Settlement Fund to determine each individual Participating Class Member's Settlement Share. *See* Ex. 1 at § III.D.

The Parties have allocated $100,000 of the Net Settlement Fund to be apportioned to the FLSA Net Settlement Fund; those Class Members who opt-in to the FLSA collective action portion of the settlement will be paid an additional amount from this FLSA Net Settlement Fund. *Id.* at § I(W), III.C. The FLSA Settlement Share is calculated by first dividing individual workweeks during the Class Period by the total amount of Earnings for all Class Members during the Class Period. This ratio will then be applied to the FLSA Net Settlement Fund to determine each individual Opt-in Plaintiff's FLSA Settlement Share. *Id.* Class Members who opt-in to the FLSA collective action will receive an additional settlement check representing their *pro rata* portion of the FLSA Net Settlement Fund. *Id.* The settlement is non-reversionary—if uncashed settlement checks equal or exceed $25,000, the Settlement Administrator will re-distribute the funds to the Class Members on a *pro rata*

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

basis. *Id.* at § III.F.11. But if the value of the uncashed checks is less than $25,000, the undistributed amount will be distributed *cy pres* to the Legal Foundation of Washington. *Id.* at § III.F.12.

A class action settlement need not benefit all class members equally. *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983); *In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F. Supp. 2d 935, 979-80 (N.D. Ill 2011). Rather, although disparities in the treatment of class and collective members may raise an inference of unfairness and/or inadequate representation, this inference can only be rebutted by showing that the unequal allocations are based on legitimate considerations. *Holmes*, 706 F.2d at 1148; *In re AT & T*, 789 F. Supp. 2d at 979-80. Plaintiffs provide rational and legitimate basis for the allocation method here, as calculating the *pro rata* shares based on individual workweeks relative to total Class workweeks will compensate Class Members based on the amount they worked within the class period. This method should be approved by the Court.

> ### v. Litigating the Action would not only delay recovery, it would also be expensive, time-consuming, and involve substantial risk.

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *See* Hogg Decl. at ¶72. If the Action were to go to trial as a class and collective action (which Cascade would vigorously oppose if the Settlement were not approved), Class Counsel estimates the fees and costs would exceed $5,000,000. *Id.* at ¶73. Litigating the class and collective action claims would require substantial additional preparation and discovery. *Id.* It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*

Recovery of the damages and penalties previously referenced would also require complete success and certification of all of Plaintiffs' claims, a questionable feat in light of developments in wage and hour and class and collective action law, as well as the legal and factual grounds Cascade has asserted to defend this action. *Id.* at ¶74. Off-the-clock claims can be difficult to certify for class treatment, given the nature, cause, and amount of off-the-clock work may vary based on

MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 17

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Empl. Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14CV984-MMA BGS, 2015 WL 5117080, at *14 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWX, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011). While Plaintiffs are confident they would establish Cascade's alleged common policies and practices give rise to off-the-clock work here, Plaintiffs acknowledge such off-the-clock work would have necessarily occurred in different departments and locations at Cascade, each with its own supervisors and management staff. *See* Hogg Decl. at ¶¶75-77. With those considerations in mind, Plaintiffs recognize that obtaining class certification would not be a certainty, would be opposed by Cascade, and would therefore present an obstacle, with the risk that putative class members might only be able to pursue individual actions in the event class certification was denied. Certification of off-the-clock work claims is often complicated by the lack of documentary evidence and reliance on employee testimony; even if class certification were granted initially, Plaintiffs would likely face motions for decertification as the case progressed. *Id.* Given that a significant portion of the estimated damages are largely driven by the alleged off-the-clock work, Plaintiff's Counsel factored a significant discount into the hypothetical value of the off-the-clock claims when assessing the final Settlement amount reached. *Id.*

In contrast to litigating this suit, resolving this case by means of the Settlement will yield a prompt, certain, and substantial recovery for the Class Members. *Id.* at ¶78. Such a result will benefit the Parties and the court system. *Id.* It will bring finality to extensive litigation, and will foreclose the possibility of expanding litigation.

### D.    The Service Award payments to Plaintiffs is reasonable.

Named plaintiffs in class action litigation are eligible for reasonable service awards. *See Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003). Plaintiff requests a $7,500 class representative award

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 18

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

to compensate the Plaintiffs for the critical role, and the time, effort, and risks undertaken in helping secure the Settlement, as well as consideration in exchange for general release. *See* Hogg Decl. at ¶¶82-85. In agreeing to serve as the Class and Collective representatives, Plaintiffs formally agreed to accept the responsibilities of representing the interests of all Class Members. *Id.* Cascade does not oppose the requested payment to Plaintiffs as a reasonable service award. *Id.*

The requested service awards are fair when compared to the payments approved in similar cases. *See, e.g., May v. Wynn Las Vegas, LLC*, No. 2:15-cv-02142-RFB-DJA, 2021 WL 244929, at *2 (D. Nev. Jan. 25, 2021) (approving class service awards of $15,000 for each of three class representatives for a settlement amount of approximately $900,000); *Soto v. O.C. Communications, Inc.*, No. 3:17-cv-00251-VC, 2019 WL 13151723, at *4 (N.D. Cal. Oct. 23, 2019) (approving $15,000 and $10,000 service awards in hybrid FLSA/Rule 23 settlement); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-CV-04357-VC, 2016 WL 7826649, at *4 (N.D. Cal. Apr. 15, 2016) (approving $10,000 service payments for each class representative in FLSA and California state-law representative wage and hour action).

E.     **The requested attorneys' fees and costs are reasonable.**

In Plaintiffs' fee motion to be submitted with the final approval papers, Plaintiff's Counsel will request up to one-third (1/3) of the Gross Settlement Amount, or $366,666.67, plus reimbursement of costs up to $1,780.00. *See* Hogg Decl. at ¶¶86-90. Plaintiff's Counsel will provide the attorneys' fee information for Josephson Dunlap LLP, Bruckner Burch PLLC, and Frank Freed Subit & Thomas LLP with the fee motion, and anticipates that the aggregate lodestar will be within the range of reasonableness with the requested fee award, or a reasonable multiplier thereof approved by courts in similar cases. *Id.* On this basis, the requested attorneys' fees award of one-third of the Gross Settlement Amount is reasonable. *Id.*; *see, e.g., Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1050-51 (9th Cir. 2002).

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 19

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to one-third of the total settlement value, with 25% considered the "benchmark." *Vazquez v. Coast Valley Roofing*, 266 F.R.D. 482, 491-92 (E.D. Cal. 2010) (citing *Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000)); *Hanlon*, 150 F.3d at 1029; *Staton*, 327 F.3d at 952. However, the exact percentage varies depending on the facts of the case, and in "most common fund cases, the award exceeds that benchmark." *Id.* (citing *Knight v. Red Door Salons, Inc.*, No. 08-01520 SC, 2009 WL 248367 (N.D. Cal. Feb. 2, 2009); *In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1377-78 (N.D. Cal. 1989) ("nearly all common fund awards range around 30%")).

"'**In cases where recovery is uncertain, an award of one third of the common fund as attorneys' fees has been found to be appropriate**.'" *Demmings v. KKW Trucking, Inc.*, No. 3:14-cv-0494-SI, 2018 WL 4495461, at *15 (D. Or. Sept. 19, 2018) (emphasis added) (quoting *Franco v. Ruiz Food Prods.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, at *16 (E.D. Cal. Nov. 27, 2012)).

Indeed, the "risk of costly litigation and trial is an important factor in determining the fee award." *Bell v. Consumer Cellular, Inc.*, No. 3:15-cv-941-SI, 2017 WL 2672073, at *10 (D. Or. June 21, 2017) (citing *Rosales v. El Rancho Farms*, No. 1:09-CV-00707-AWI-JLT, 2015 WL 4460635, at *20 (E.D. Cal. July 21, 2015); *Chemical Bank v. City of Seattle (In re Washington Pub. Power Supply Sys. Sec. Litig.)*, 19 F.3d 1291, 1299-1301 (9th Cir. 1994)). When considering the risks posed in litigation, "the risk of loss in a particular case is a product of two factors: (1) the legal and factual merits of the claim, and (2) the difficulty of establishing those merits." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

In this case, given the excellent results achieved for the Class, the efforts expended on discovery and in extensive mediated settlement negotiations, and taking into consideration the risks and difficulties attendant to litigating this hybrid class/collective action lawsuit, a modest upward adjustment from the benchmark is warranted. *See* Hogg Decl. at ¶¶86-90. There was no guarantee of compensation or reimbursement. *Id.* Rather, counsel undertook all the risks of this litigation on a completely contingent fee basis. *Id.* These risks were front and center. *Id.* Cascade vigorously and

MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 20

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

skillfully defended this action and confronted Plaintiff's Counsel with the prospect of recovering nothing, or close to nothing, for their commitment to and investment in the case. *Id.*

Nevertheless, Plaintiffs and their counsel committed themselves to developing and pressing their legal claims to enforce the employees' rights and maximize the class and collective recovery. *Id.* The challenges Class Counsel had to confront and the risks they had to fully absorb on behalf of the class and collective here are precisely the reasons for multipliers in contingency fee cases. *See, e.g., Noyes v. Kelly Servs., Inc.*, No. 2:02-CV-2685-GEB-CMK, 2008 WL 3154681 (E.D. Cal. Aug. 4, 2008); Posner, Economic Analysis of the Law, 534, 567 (4th ed. 1992) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed … because the risk of default the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans").

Attorneys who litigate on a wholly or partially contingent basis expect to receive significantly higher effective hourly rates in cases where compensation is contingent on success, particularly in hard-fought cases where, like this one, the result is uncertain. *See* Hogg Decl. at ¶89. This does not result in any windfall or undue bonus. *Id.* In the legal marketplace, a lawyer who assumes a significant financial risk on behalf of a client rightfully expects that his or her compensation will be significantly greater than if no risk was involved (*i.e.*, if the client paid the bill on a monthly basis), and that the greater the risk, the greater the "enhancement." *Id.* Adjusting court-awarded fees upward in contingent fee cases to reflect the risk of recovering no compensation whatsoever for hundreds of hours of labor simply makes those fee awards consistence with the legal marketplace, and in so doing, helps to ensure that meritorious cases will be brought to enforce important public interest policies and that clients who have meritorious claims will be better able to obtain qualified counsel. *Id.*

For these reasons, Plaintiff's Counsel respectfully submits that a one-third recovery for fees is appropriate. *Id.* at ¶90. Class Counsel also requests reimbursement for their litigation costs in an

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 21

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

amount not to exceed $1,780.00. *Id.* Class Counsel's efforts resulted in an excellent settlement, and the fee and costs award should be preliminarily approved as fair and reasonable.

### F.    The proposed Notice and Opt-in Forms are reasonable.

The Court must ensure Class Members receive the best notice practicable under the circumstances of the case. *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 174-75 (1974). Procedural due process does not guarantee any particular procedure but rather requires only notice reasonably calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *Silber v. Mahon*, 18 F.3d 1449, 1454 (9th Cir. 1993). A settlement notice "is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Village*, 361 F.3d at 575.

The Class and Collective Notice form and FLSA Collective Consent form, attached as Exhibits A-B of the Settlement, and manner and distribution negotiated and agreed upon by the Parties are "the best notice practicable." *See* Hogg Decl. at ¶91; Fed. R. Civ. P. 23(c)(2)(B). Each of the Class members has been identified and the Notices will be mailed directly to each Class Members, and emailed to all Class Members for whom Cascade has an email address. *Id.* at ¶92. The Settlement Administrator will also set up a static website which will host the notices and will allow Class Members to sign the FLSA opt-in forms electronically, if they so choose. *Id.* The proposed Notices are clear and straightforward and provide information on the nature of the action and the proposed Settlement, the terms and provisions of the agreement, and the monetary awards the Settlement will provide. *Id.* In addition, the static website will provide a generic form of the Notice, the full Settlement, and other case related documents and contact information. *Id.* at ¶93.

The proposed Notice fulfills the requirement of neutrality in class notices. *Id.* at ¶94.; *see* Conte, Newberg on Class Actions, § 8.39 (3d ed. 1992). They summarize the proceedings necessary to

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 22

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

provide context for the Settlement and summarize the terms and conditions of the Settlement, including an explanation of how the settlement amount will be allocated between Named Plaintiff, Plaintiff's Counsel, the Settlement Administrator, and the Class Members, in an informative, coherent, and easy-to-understand manner, all in compliance with the Manual for Complex Litigation's recommendation that "the notice contain a clear, accurate description of the terms of the settlement." *See* Hogg Decl. at ¶94; Manual for Complex Litigation, Settlement Notice § 21.312 (4th ed. 2004).

The Notice clearly explains the procedures and deadlines for submitting an opt-in form to become part of the FLSA Collective Action and receive the additional settlement award under Settlement Share B, requesting exclusion from/"opting-out" of the Class Action, objecting to the Settlement, the consequences of taking or foregoing the various options available to Class Members, and the date, time and place of the Final Approval Hearing. *See* Hogg Decl. at ¶95. Pursuant to Rule 23(h), the proposed Notice of Settlement also sets forth the amount of attorneys' fees and costs sought by Plaintiff's Counsel, as well as an explanation of the procedure by which Class Counsel will apply for them. *Id.* The Notice clearly states the Settlement does not constitute an admission of liability by Cascade. *Id.* The Notice makes clear that the final settlement approval decision has yet to be made. *Id.* at ¶96. Accordingly, the Notice complies with the standards of fairness, completeness, and neutrality required of a settlement class notice disseminated under authority of the Court. *See* Conte, Newberg on Class Actions, §§ 8.21 and 8.39 (3d ed. 1992); Manual for Complex Litigation, Certification Notice, § 21.311; Settlement Notice, § 21.312 (4th ed. 2004).

Further, reasonable steps will be taken to ensure all Class Members receive the Notice. *See* Hogg Decl. at ¶98. Before mailing, Cascade will provide the Settlement Administrator a database that contains the names, last-known addresses, last-known email addresses (if any), and social security numbers of each Class Member, along with the applicable number of workweeks for calculating the respective settlement shares. *Id.* The Notices will be sent by U.S. Mail and email. The Settlement Administrator will make reasonable efforts to update the contact information in the database using

MOTION FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT – Page 23

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

public and private skip tracing methods. Within 14 days of receipt of the Class List from Cascade, the Settlement Administrator will mail and email the Notices to each Class Member. *Id.*

For those Notices returned as undeliverable, the Settlement Administrator will re-mail any Notices returned with a forwarding address following receipt of the returned mail. *Id.* at ¶99. If any Notice is returned without a forwarding address, the Settlement Administrator will undertake reasonable efforts to search for the correct address, including skip tracing, and will promptly re-mail the Notice to any newly found address. *Id.*

Class Members will have 60 days from the mailing to submit a form to opt-in to the FLSA portion, to opt-out/exclude themselves from the Rule 23 class, or to object to the Settlement. *Id.* at ¶100. Any Class Member who does not submit a timely request to exclude themselves from the Settlement will be deemed a Participating Class Member whose rights and claims are determined by any order the Court enters granting final approval, and any judgment the Court ultimately enters in the case. *Id.* Administration of the Settlement will follow upon the occurrence of the Effective Date of the Settlement. *Id.* at ¶101. The Settlement Administrator will provide Class Counsel and Cascade's Counsel with a report of all Settlement payments within 10 business days after the opt-in/opt-out/objection deadline. *Id.* at ¶102.

Because the proposed Notice clearly and concisely describe the terms of the Settlement and the awards and obligations for Class Members who participate, and because the Notice will be disseminated in a way calculated to provide notice to as many Class Members as possible in the most effective and efficient manner practicable, the Notice should be preliminarily approved.

**6. CONCLUSION**

Plaintiffs respectfully request the Court grant preliminary approval of the Settlement. Plaintiffs further respectfully request that the Court approve the proposed schedule set forth in the proposed order.

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 24

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Date: July 19, 2024

Respectfully submitted,

/s/ William M. Hogg
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

Michael C. Subit, WSBA # 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-6411
msubit@frankfreed.com

Richard J. (Rex) Burch*
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
Tel: (713) 877-8788
rburch@brucknerburch.com

William C. (Clif) Alexander (*Pro Hac Vice*)
Austin W. Anderson (*Pro Hac Vice*)
Carter T. Hastings (*Pro Hac Vice*)
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Ste. 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

* - *Pro hac vice application forthcoming*

*Attorneys for Plaintiffs, Class, and Collective
Members*

MOTION FOR PRELIMINARY
APPROVAL OF CLASS AND
COLLECTIVE ACTION
SETTLEMENT – Page 25

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum contains 8,392 words (exclusive of the case caption, tables of contents, table of authorities, signature blocks, and certificate of compliance), in compliance with the Local Civil Rules.

/s/ William M. Hogg
William M. Hogg

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100