The Honorable John C. Coughenour

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| JORDAN KASTEL and STORMIE HOY, Individually and for Others Similarly Situated, | Case No. 2:23-cv-00684-JCC |
| Plaintiffs, | **PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT** |
| v. | |
| CASCADE LIVING GROUP MANAGEMENT, LLC, a Washington limited liability company, | Hearing Date:    Feb. 11, 2025 |
| Defendant. | Hearing Time:    9:00 a.m. PST |

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page i

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

## TABLE OF CONTENTS

1. Introduction ...................................................................................................................1

2. Relevant Factual Background ......................................................................................... 2

3. Procedural History .........................................................................................................3

4. Notice of Settlement, Response of Class Members, and Opt-in Process.............................. 4

5. Argument & Authorities ..................................................................................................5

    A.    Ninth Circuit precedent favors and encourages class settlements. .....................................5

    B.    The best practicable notice was provided to the Class Members. ...................................7

    C.    The Settlement readily warrants final approval. .......................................................... 8

        i.    The Settlement is presumptively fair. ............................................................... 8

        ii.    The Class Members overwhelmingly support the Settlement. ................................ 9

        iii.    The strength of Plaintiffs' case. ...................................................................... 9

        iv.    The Action involved significant risk and costly further litigation. ...........................10

        v.    The Settlement Amount favors approval.................................................................11

        vi.    Wide-ranging informal discovery has been completed............................................12

        vii.    Class Counsel are highly experienced. ...........................................................13

    D.    The Service Awards and attorneys' fees and costs are reasonable...............................13

    E.    The Court should grant final Class Certification for settlement purposes. ...................14

6. The Court should Approve the Proposed Schedule .........................................................14

7. Conclusion ....................................................................................................................15

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page ii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amaraut v. Sprint/United Mgmt. Co.*,
No. 19-cv-411-WQH-AHG, 2021 WL 3419232 (S.D. Cal. Aug. 5, 2021)...................................6

*Balderas v. Massage Envy Franchising, LLP*,
No. 12-cv-06327 NC, 2014 WL 3610945 (N.D. Cal. July 21, 2014)...........................................12

*Boyd v. Bechtel Corp.*,
485 F. Supp. 610 (N.D. Cal. 1979)................................................................................................12

*Carter v. Anderson Merchandisers, LP*,
No. EDCV 08-0025-VAP OPX, 2010 WL 1946784 (C.D. Cal. May 11, 2010).........................13

*Churchill Village, LLC v. Gen. Elec.*,
361 F.3d 566 (9th Cir. 2004).........................................................................................................8

*Clifton v. Babb Constr. Co.*,
No. 6:13-cv-1003 MC, 2014 WL 5018897 (D. Or. Oct. 1, 2014)...................................................7

*Cody v. Hillard*,
88 F. Supp. 2d 1049 (D.S.D. 2000)................................................................................................9

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.*,
No. 13-CV-05456-HSG, 2016 WL 153266 (N.D. Cal. Jan. 13, 2016).........................................6

*Etcheverry v. Franciscan Health System*,
No. 19-cv-05261-RJB-MAT, Dkt. # 85 (W.D. Wash. Oct. 19, 2021)..........................................6

*Franklin v. Kaypro Corp.*,
884 F.2d 1222 (9th Cir. 1989)........................................................................................................6

*Grewe v. Cobalt Mortg., Inc.*,
No. C16-0577-JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016).........................................6

*Gruinn v. Int'l House of Pancakes*,
513 F.2d 114 (8th Cir. 1975).........................................................................................................7

*Guilbaud v. Sprint Nextel Corp.*,
No. 3:13-cv-04357-VC, 2016 WL 7826649 (N.D. Cal. Apr. 15, 2016)........................................7

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998)....................................................................................................5, 8

*In re Am. Bank Note Holographics, Inc.*,
127 F. Supp. 2d 418 (S.D.N.Y. 2001)............................................................................................9

*In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*,
289 F.R.D. 526 (N.D. Cal. 2012)..................................................................................................10

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page iii

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1

*In re Mego Fin. Corp. Sec. Litig.*,
  213 F.3d 454 (9th Cir. 2000) .................................................................................11

2

3

*In re Syncor ERISA Litig.*,
  516 F.3d 1095 (9th Cir. 2008) ................................................................................ 8

4

*Jones, et al. v. CertifiedSafety, Inc.*,
  Case No. 3:17-cv-02229-EMC, Dkt. # 232 (N.D. Cal. June 1, 2020)........................ 6

5

6

*Kilbourne v. Coca-Cola Co.*,
  No. 14-cv-984-MMA BGS, 2015 WL 5117080 (S.D. Cal. July 29, 2015)..................10

7

*Langford v. Devitt*,
  127 F.R.D. 41 (S.D.N.Y. 1989) .................................................................................7

8

9

*Lewis v. Starbucks Corp.*,
  No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690 (E.D. Cal. Sept. 11, 2008) .....................12

10

11

*Lynn's Food Stores, Inc. v. United States*,
  679 F.2d 1350 (11th Cir. 1982) ................................................................................ 6

12

*Lytle v. Coquille Valley Hospital*,
  No. 6:19-cv-00722-AA, Dkt. # 69 (D. Or. May 9, 2022) ............................................. 6

13

14

*Ma v. Covidien Holding, Inc.*,
  No. SACV 12-02161-DOC (RNBx), 2014 WL 360196 (C.D. Cal. Jan. 31, 2014).....................12

15

*Mandujano v. Basic Vegetable Products, Inc.*,
  541 F.2d 832 (9th Cir. 1976) ................................................................................7, 9

16

17

*Monterrubio v. Best Buy Stores, L.P.*,
  291 F.R.D. 454 (E.D. Cal. 2013) .............................................................................12

18

19

*O'Connor v. Uber Techs., Inc.*,
  No. 13-cv-03826-EMC, 2019 WL 4394401 (N.D. Cal. Sept. 13, 2019) .......................7

20

*Officers for Justice v. Civil Serv. Comm'n*,
  688 F.2d 615 (9th Cir. 1982) ................................................................. 6, 8, 12, 13

21

*Otey v. CrowdFlower, Inc.*,
  No. 12-CV-055524-JST, 2015 WL 6091741 (N.D. Cal. Oct. 16, 2015) ........................ 6

22

23

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009)....................................................................................11

24

25

*Soto, et al. v. O.C. Communications, Inc.*,
  No. 3:17-cv-00251-VC, Dkt. ## 199 & 305 (N.D. Cal. Oct. 23, 2019) .........................7

26

*Stovall-Gusman v. W.W. Granger, Inc.*,
  No. 13-cv-02540-HSG, 2015 WL 3776765 (N.D. Cal. June 17, 2015) ........................12

27

28

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Torrisi v. Tucson Elec. Power Co.*,
    8 F.3d 1370 (9th Cir. 1993) ................................................................................7

*Viceral v. Mistras Grp., Inc.*,
    No. 15-cv-02198-EMC, 2017 WL 661352 (N.D. Cal. Feb. 17, 2017) ...........................7

*Viceral v. Mistras Grp., Inc.*,
    No. 15-cv-2198-EMC, 2016 WL 5907869 (N.D. Cal. Oct. 11, 2016) ........................12

*Villafan v. Broadspectrum Downstream Servs.*,
    No. 18-cv-06741-LB, 2020 WL 6822908 (N.D. Cal. Nov. 20, 2020) ......................10

*Wren v. RGIS Inventory Specialists*,
    No. C-06-05778 JCS, 2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .......................8, 13

*York v. Starbucks Corp.*,
    No. CV 08-07919 GAF PJWx, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ...........10

**Rules**

Fed. R. Civ. P. 23 ...............................................................................................5, 8

**Treatises**

Manual for Complex Litigation,
    *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004) ...................5

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page v

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

**1.      Introduction**

Plaintiffs Jordan Kastel and Stormie Hoy ("Plaintiffs") hereby move for final approval of the Class and Collective Action Settlement Agreement (the "Settlement Agreement" or "Settlement," *see* Dkt. # 30-1, *see also* Declaration of William Hogg, Exhibit A). The Settlement resolves all of the claims in this action on a class- and collective-wide basis. As such, Plaintiffs move for an Order:

(1) Granting final approval of the Settlement Agreement;

(2) Finally certifying the Collective and the Classes for settlement purposes;

(3) Finally appointing and approving Plaintiffs Kastel and Hoy as Class Representatives;

(4) Finally appointing and approving Josephson Dunlap LLP, Frank Freed Subit & Thomas LLP, Bruckner Burch PLLC, and Anderson Alexander PLLC as Counsel for the Class and Opt-in Plaintiffs;

(5) Finally approving payment to Simpluris in an amount of $44,108.00 for its services as Settlement Administrator; and

(6) Finally approving the implementation schedule, below.

Plaintiffs bring this class and collective action (the "Action") on behalf of themselves and current or former non-exempt employees of Defendant Cascade Living Group Management, LLC ("Defendant" or "Cascade") who worked for Defendant. The Action is based on Defendant's alleged violations of the Fair Labor Standards Act ("FLSA"), Washington state wage-and-hour laws, and Oregon state wage-and-hour laws.

The Court granted preliminary approval of the $1,100,000 non-reversionary settlement on July 29, 2024. *See* Dkt. # 31. The Settlement resolves the claims of approximately 6,000 Class

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 1

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Members, 311 of whom submitted written consents to join the FLSA collective action.[1,2] Overall, the average net recovery is approximately $86.02 per Participating Class Member.[3] The Class Member with the largest award will receive $715.80. With these considerable awards, the response of the Class Members has been resoundingly favorable—to date, no Class Members have objected to the Settlement, and just two individuals out of more than 6,000 have opted out.

Given the excellent recoveries, the positive response of the Class, and that the Settlement will provide significant monetary payments in uncertain times, Class Counsel respectfully submits the Court should approve the Settlement. By any measure, the Settlement provides a great benefit to the Class and Opt-in Plaintiffs and an efficient outcome in the face of expanding litigation. It is fair, reasonable, and adequate in all respects. As set forth herein, the Settlement should be finally approved.

**2.      Relevant Factual Background**

Plaintiffs are former non-exempt employees of Defendant. Plaintiff Kastel worked for Cascade as a resident care coordinator in Stayton, Oregon; Plaintiff Hoy worked for Cascade as a traveling caregiver at Cascade's Washington facilities in Bremerton, Mt. Vernon, and Burlington, as well as in Oregon locations such as Portland, Eugene, and Bend. *See* Dkt. # 1 at ¶¶ 15-20. Defendant operates a network of senior living and care facilities throughout Washington, Oregon, California, Arizona, Nevada and Wyoming. *Id.* at ¶ 43.

Plaintiffs allege the Class Members were not properly compensated for work performed for Defendant during unpaid meal periods, before clocking in, and after clocking out for work.

---

[1]    The Notice approved by the Court and circulated to the Class Members invited those who worked during the FLSA Collective Period to submit an FLSA Collective Consent Form to become Opt-in Plaintiffs and receive a share of the FLSA Net Settlement. 311 individuals have done so as of the date of this Motion. Class Members who do not request exclusion from the class and are Opt-in Plaintiffs will receive a share from both the Class Net Settlement Fund and the FLSA Net Settlement Fund. The remainder of the FLSA Net Settlement Fund that is not distributed to the Opt-in Plaintiffs will be added to the Class Net Settlement Fund and re-distributed to the Class.

[2]    For ease of reference, Plaintiffs, Class Members, and Opt-in Plaintiffs are sometimes collectively referred to as "Class Members."

[3]    *See* Dkt. # 30-1 at Sec. III.C, III.G.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 2

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Specifically, Plaintiffs alleged Class Members were required to remain on-duty during their unpaid meal periods, and likewise that Defendant instituted a non-neutral time-rounding system that failed to compensate Class Members for all hours worked. With this litigation, Plaintiffs seek to recover all allegedly unpaid wages, compensation, penalties, and other damages owing to the Class Members under the FLSA, Washington law, and Oregon law.

Defendant has at all times denied, and continues to deny, these allegations, and denies any and all liability for Plaintiffs' claims. Defendant further denies Plaintiffs' allegations are appropriate for class/collective treatment for any purpose other than for settlement purposes. Defendant argued Plaintiffs' class action complaint would fail for both substantive and procedural issues. Defendant contended their meal period policies and timekeeping policies were consistent with applicable law and that to the extent there were any violations of the law (which Defendant did not concede), such potential violations occurred on an "ad hoc" basis and contrary to company policy. Because Defendant claimed the policies were consistent with the law, denied all liability, and asserted that any violations were done on an ad hoc basis, Defendant did not believe the claims were susceptible to class or collective action certification.

**3.    Procedural History**

Plaintiffs filed this class and collective action lawsuit on May 10, 2023. *See* Dkt. # 1. Defendant answered the lawsuit on July 6, 2023, denying Plaintiffs' claims and asserting various defenses. *See* Dkt. # 18. The Parties thereafter proceeded to litigation, engaged in informal discovery, and exchanged settlement offers. *See* Hogg Decl. at ¶¶ 8-21. As a result of arm's length and good faith negotiations during those settlement talks, which spanned months, the Parties reached a settlement in principle on or about April 5, 2024. Over the next several months, the Parties undertook the process of drafting, revising, and finalizing the settlement agreement terms, distilling and crystallizing those terms into a written settlement agreement, and agreeing on the form and content of a settlement notice and opt-in form process. *Id.* The final version of the Settlement Agreement was agreed as to form and executed on July 19, 2024. *Id.*; *see also* Exhibit A.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 3

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Plaintiffs moved for preliminary approval of the Settlement on July 19, 2024. *See* Dkt. # 30. Defendant did not oppose the motion for preliminary approval. The Court granted preliminary approval of the Settlement on July 29, 2024. *See* Dkt. # 31. The terms of the Settlement were detailed in Plaintiffs' Motion for Preliminary Approval, which is incorporated herein by reference. *See* Dkt. # 30 at 9-13.

**4.      Notice of Settlement, Response of Class Members, and Opt-in Process**

Following the Court's preliminary approval order, the Settlement Administrator, Simpluris, received the Class and Collective Data from Defendant, which contained the names, last known mailing addresses, social security numbers, and workweeks for the Class Members. *See* Hogg Decl. at ¶¶ 22-31. On September 13, 2024, Simpluris disseminated the Class and Collective Notice Packets via U.S. Mail to all addresses provided. *Id.* In total, Simpluris sent the notice packet by U.S. mail to some 8,365 individuals. *Id.*

Simpluris calculated the individual settlement payments for every Class member using the workweek data provided by Defendant. *Id.* at ¶ 35. The notices informed the Class Members of: the Settlement terms; their expected share for both the Class allocation and the FLSA allocation; the deadline to submit any objections, Requests for Exclusion, FLSA Collective Consent Forms, and disputes; the final approval hearing; the names and contact information for Class Counsel and Defendant's counsel; and that Plaintiffs would seek attorneys' fees, costs, and Plaintiffs' service awards and the corresponding amounts. *Id.*; *see also* Dkt. # 30-2.

As of November 15, 2024, 187 notice packets (out of 8,365) have been returned to Simpluris as undeliverable without a forwarding address, and for which skip-tracing and other techniques to identify current or new mailing addresses could not be located. *Id.* at ¶ 36. 187 notice packets remain undelivered. *Id.* The deadline for Class Members to opt-in, opt-out, object, and/or dispute their reported workweeks expired on November 12, 2024. *Id.* at ¶ 37. To date, 311 people have opted-in to the FLSA portion of the Settlement. *Id.*

To date, no objections or disputes have been filed and only two Class Members out of more than 6,000 have requested exclusion from the Settlement. *Id.* at ¶ 28. Plaintiffs will submit a

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 4

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

declaration from Simpluris regarding notice administration in advance of the Final Approval hearing.

In addition to distributing the Notice Packets, Simpluris is also responsible for calculating individual settlement payments; calculating applicable payroll taxes, withholdings and deductions; preparing and issuing settlement disbursements to Participating Class members, the Class Representatives, Class Counsel, and federal and local tax authorities; and handling inquiries and/or disputes from Class Members. *Id.* at ¶ 30. Simpluris is also responsible for the timely preparation and filing of tax reporting. *Id.* Following final approval of the Settlement, Simpluris will issue checks to the Opt-in Plaintiffs and Class Members. *Id.* at ¶ 31.

**5.      Argument & Authorities**

**A.      Ninth Circuit precedent favors and encourages class settlements.**

A certified class action may not be settled without Court approval. *See* Fed. R. Civ. P. 23(e). Approval of a class action settlement requires three steps: (1) preliminary approval of the proposed settlement upon a written motion; (2) dissemination of notice of the settlement to all class members; and (3) a final settlement approval hearing at which objecting class members may be heard, and at which evidence and argument concerning the fairness, adequacy, and reasonableness of the settlement is presented. *See* Manual for Complex Litigation, *Judicial Role in Reviewing a Proposed Class Action Settlement*, § 21.61 (4th ed. 2004). The decision to approve or reject a proposed settlement is committed to the sound discretion of the Court. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). Rule 23 requires that all class action settlements satisfy two primary prerequisites before a court may grant certification for purposes of preliminary and final approval: (1) the settlement class meets the requirements for class certification, if it has not yet been certified; and (2) that the settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(a), (e)(2); *Hanlon*, 150 F.3d at 1019-20.

In the FLSA context, court approval is required for FLSA collective settlements, but the Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of*

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 5

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Am.*, No. 13-CV-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Otey v. CrowdFlower, Inc.*, No. 12-CV-055524-JST, 2015 WL 6091741, at *4 (N.D. Cal. Oct. 16, 2015). Most courts in this Circuit, however, evaluate the settlement under the standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Otey*, 2015 WL 6091741 at *4; *Grewe v. Cobalt Mortg., Inc.*, No. C16-0577-JCC, 2016 WL 4014114 (W.D. Wash. July 27, 2016).

Federal law strongly favors and encourages settlements, especially in class actions. *See Franklin v. Kaypro Corp.*, 884 F.2d 1222, 1229 (9th Cir. 1989) ("[T]here is an overriding public interest in settling and quieting litigation. This is particularly true in class action suits."). Moreover, when reviewing a motion for approval of a class settlement, the Court should give due regard to "what is otherwise a private consensual agreement negotiated between the parties," and must therefore limit the inquiry "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).

Applying this standard of review to other federal and state-law wage and hour class actions, federal courts in the Ninth Circuit routinely approve class and collective settlements similar to that reached in this case. *See, e.g., Lytle v. Coquille Valley Hospital*, No. 6:19-cv-00722-AA, Dkt. # 69 (D. Or. May 9, 2022) (granting final approval of settlement that included both FLSA and Oregon state law claims); *Etcheverry v. Franciscan Health System*, No. 19-cv-05261-RJB-MAT, Dkt. #. 85 (W.D. Wash. Oct. 19, 2021) (granting final settlement approval for FLSA and Rule 23 class and collective action consisting of approximately 8,000 patient care workers who alleged they were required to remain on-duty during unpaid meal periods); *Amaraut v. Sprint/United Mgmt. Co.*, No. 19-cv-411-WQH-AHG, 2021 WL 3419232 (S.D. Cal. Aug. 5, 2021) (granting final approval of a settlement that included both FLSA and Washington state law claims); *Jones, et al. v. CertifiedSafety, Inc.*, Case No. 3:17-cv-02229-EMC, Dkt. # 232 (N.D. Cal. June 1, 2020) (same); *Soto, et al. v. O.C.*

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 6

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

*Communications, Inc.*, No. 3:17-cv-00251-VC, Dkt. ## 199 & 305 (N.D. Cal. Oct. 23, 2019) (same); *O'Connor v. Uber Techs., Inc.*, No. 13-cv-03826-EMC, 2019 WL 4394401, at *6 (N.D. Cal. Sept. 13, 2019) (granting final approval of settlement that included both FLSA and California Labor Code claims); *Viceral v. Mistras Grp., Inc.*, No. 15-cv-02198-EMC, 2017 WL 661352, at *1 (N.D. Cal. Feb. 17, 2017) (same); *Guilbaud v. Sprint Nextel Corp.*, No. 3:13-cv-04357-VC, 2016 WL 7826649, at *1 (N.D. Cal. Apr. 15, 2016) (same); *Clifton v. Babb Constr. Co.*, No. 6:13-cv-1003 MC, 2014 WL 5018897 (D. Or. Oct. 1, 2014) (granting final approval of settlement that included both FLSA and Oregon law claims).

Here, the Court has already granted preliminary approval of the Settlement. *See* Dkt. # 31. As part of that order, the Court conditionally certified the Classes and Collective for settlement purposes, finding the requirements of Rule 23 and the FLSA were met. *Id.* at 3. Accordingly, the only step that remains is final approval of the Settlement, which should be granted pursuant to Ninth Circuit case law and numerous decisions throughout federal district courts.

### B.    The best practicable notice was provided to the Class Members.

Pursuant to the Court's July 29th preliminary approval order, Simpluris sent the Court-approved Class and Collective Notice Packet to the Class members in accordance with the terms of the Settlement. *See* Hogg Decl. at ¶¶ 22-31. The Notices were sent via U.S. Mail. *Id.* The notice process was robust, with over 8,000 notices sent via U.S. Mail. *Id.*

Notice of a class action settlement is adequate where the notice is given in a "form and manner that does not systematically leave an identifiable group without notice." *Mandujano v. Basic Vegetable Products, Inc.*, 541 F.2d 832, 835 (9th Cir. 1976). The notice should be the best "practicable under the circumstances including individual notice to all members who can be identified through reasonable effort." *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1374 (9th Cir. 1993). Sending individual notices to settlement class members' last-known addresses constitutes the requisite effort. *Gruinn v. Int'l House of Pancakes*, 513 F.2d 114, 121 (8th Cir. 1975); *Langford v. Devitt*, 127 F.R.D. 41, 45 (S.D.N.Y. 1989) ("[N]otice mailed by first class mail has been approved repeatedly as sufficient notice of a proposed settlement.").

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 7

Frank Freed Subit & Thomas LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

The Settlement Administrator followed all procedures set forth in the Court-approved notice plan. Reasonable steps have been taken to ensure that all Class Members received the Notice. Ultimately, of the 8,365 notice packets mailed out, 1,278 were returned. Of those 1,278 returned notice packets, 1,089 were re-mailed to forwarding addresses or to addresses identified by a skip-trace procedure. In total, only 187 (2.24%) of the notice packets remained undeliverable. *See* Hogg Decl. at ¶ 26. The notices provided reasonable estimates of Class Members' recovery, in addition to considerable information about the case and the Settlement. Accordingly, the notice process was effective and satisfies the "best practicable notice" standard.

### C.     The Settlement readily warrants final approval.

In deciding whether to approve a proposed class action settlement, the Court must find the proposed settlement is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *Officers for Justice*, 688 F.2d at 625. Included in this analysis are considerations of: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status through trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *Churchill Village, LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004).

Importantly, courts apply a presumption of fairness if, as is the case here, "the settlement is recommended by class counsel after arm's-length bargaining." *Wren v. RGIS Inventory Specialists*, No. C-06-05778 JCS, 2011 WL 1230826, at *6 (N.D. Cal. Apr. 1, 2011). There is also "a strong judicial policy that favors settlements, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig.*, 516 F.3d 1095, 1101 (9th Cir. 2008). In light of these factors, the Court should find the Settlement is fair, reasonable, and adequate, and finally approve it as to the Classes and Opt-in Plaintiffs.

### i.     The Settlement is presumptively fair.

Courts routinely presume a settlement is fair where it is reached through arm's-length bargaining. *See Hanlon*, 150 F.3d at 1027; *Wren*, 2011 WL 1230826, at *14. This Settlement was a

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 8

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

product of non-collusive, arm's-length negotiations. *See* Hogg Decl. at ¶ 48. The Parties participated in months of extensive back-and-forth negotiations by and through their respective counsel. *Id.* The Parties then spent several months negotiating the material terms of the Settlement and finalizing a long-form Settlement Agreement, with several rounds of revisions and proposals related to the terms and details of the Settlement. *Id.* at ¶ 49. Plaintiffs are represented by experienced and respected litigators of representative wage and hour actions, and these attorneys feel strongly that the proposed Settlement achieves an excellent result for the Class Members. *Id.* at ¶ 50.

### ii.    The Class Members overwhelmingly support the Settlement.

The Ninth Circuit and other federal courts make clear that the number or percentage of class members who object to or opt-out of the settlement is a factor of great significance. *See Mandujano*, 541 F.2d at 837; *see also In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("It is well established that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy."). Courts have found that a relatively low percentage of objectors or opt-outs is a very strong indicator of fairness that factors heavily in favor of final approval. *See, e.g., Cody v. Hillard*, 88 F. Supp. 2d 1049, 1059-60 (D.S.D. 2000) (approving settlement in large part because only 3% of the apparent class had objected to the settlement).

As of the close of the class notice period, no Class Members have objected to the Settlement, and only two Class Members timely submitted opt-out forms. *See* Hogg Decl. at ¶¶ 27-28. Further, there have been no disputes about workweeks or settlement amount calculations submitted. *Id.* at ¶ 27. There is widespread support for the Settlement among Class Members. This factor weighs heavily in favor of final approval.

### iii.    The strength of Plaintiffs' case.

Plaintiffs contend they have strong wage-and-hour claims that are chiefly rooted in a centralized policy that Class Members' meal periods would be unpaid, but that Class Members are required to remain on-duty during such unpaid meal periods pursuant to the basic duty of care they

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 9

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

owe their assigned residents that cannot simply be "turned off" when they try to break for lunch. Plaintiffs further contend their time-rounding claim is strong, as it would be a centralized timekeeping policy that would readily demonstrate liability for the pre- and post-shift off-the-clock claims. Plaintiffs maintain that liability for the time-rounding claim would likely resolve up or down using centralized evidence (*i.e.*, comparing the raw, un-rounded time punches with the rounded timekeeping records would readily demonstrate whether Class Members were paid for all hours worked, or whether the time-rounding resulted in neutrality). Plaintiffs continue to believe they have a strong case, but Plaintiffs are also pragmatic in their awareness of the risks inherent in this litigation, particularly where there are thousands of Class members that worked in different roles, under differing supervisors, at numerous different locations. *See* Hogg Decl. at ¶ 52.  This is particularly true where Defendant has at all times denied any and all liability and has contended that all of its practices and policies were legally compliant.

### iv.     The Action involved significant risk and costly further litigation.

While Plaintiffs are confident in the strength of their case, recovery of the damages and penalties would require overcoming procedural and substantive challenges, such as class certification for two different states (Washington and Oregon) and collective certification under the FLSA, and ultimate success on the merits across the entire classes. This is a questionable feat in light of developments in wage and hour class and collective action law, as well as the legal and factual grounds that Defendant has asserted to defend this action. *Id.* at ¶ 54. Off-the-clock claims are difficult to certify for class treatment, given that the nature, cause, and amount of the off-the-clock work may vary based on the individualized circumstances of the worker. *See, e.g., Villafan v. Broadspectrum Downstream Servs.*, No. 18-cv-06741-LB, 2020 WL 6822908, at *6 (N.D. Cal. Nov. 20, 2020) (citing *In re AutoZone, Inc., Wage & Hour Employment Practices Litig.*, 289 F.R.D. 526, 539 (N.D. Cal. 2012), *aff'd*, No. 17-17533, 2019 WL 4898684 (9th Cir. Oct. 4, 2019)); *Kilbourne v. Coca-Cola Co.*, No. 14-cv-984-MMA BGS, 2015 WL 5117080, at *1 (S.D. Cal. July 29, 2015); *York v. Starbucks Corp.*, No. CV 08-07919 GAF PJWx, 2011 WL 8199987, at *30 (C.D. Cal. Nov. 23, 2011).

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 10

Frank Freed Subit & Thomas llp
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

Josephson Dunlap llp
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

While Plaintiffs are confident they would establish that common policies and practices give rise to the off-the-clock work for the employees at issue here, Plaintiffs acknowledge that such off-the-clock work was performed at scores of different work locations, each with its own supervisors and management staff. *See* Hogg Decl. at ¶ 56. With those considerations in mind, Plaintiffs recognize that obtaining class certification would present an obstacle, with the risk that the Plaintiffs might only be able to pursue individual actions in the even certification was denied. *Id.* at ¶ 57. Certification of off-the-clock work claims is complicated by the lack of documentary evidence and reliance on employee testimony, and Plaintiffs would likely face motions for decertification if the Classes or Collective were certified as the case progressed. *Id.*

The monetary value of the proposed Settlement represents a fair compromise given the risks and uncertainties posed by continued litigation. *Id.* at ¶ 58. If the Action were to go to trial as a class and collective action (which Defendant would vigorously oppose if this Settlement were not approved), Class Counsel estimates that fees and costs would exceed $1,000,000. *Id.* at ¶ 59. Litigating the class and collective action claims would require substantial additional preparation and extensive formal discovery. *Id.* It would require depositions of experts, the presentation of percipient and expert witnesses at trial, as well as the consideration, preparation, and presentation of voluminous documentary evidence and the preparation and analysis of expert reports. *Id.*

In contrast to litigating this suit, resolving this case by means of Settlement will yield a prompt, certain, and substantial recovery for the Class Members. *Id.* at ¶ 60. Such a result will benefit the Parties and the court system. *Id.* It will bring finality to extensive litigation and will foreclose the possibility of expanding litigation.

v.     **The Settlement Amount favors approval.**

In evaluating the fairness of a proposed settlement, courts compare the settlement amount with the estimated maximum damages recoverable in a successful litigation. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000). Courts routinely approve settlements that provide a fraction of the maximum potential recovery. *See, e.g., Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (approving settlement amounting to 30% of the damages estimated by class

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 11

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

expert; court noted that even if the plaintiffs were entitled to treble damages that settlement would be approximately 10% of the estimated damages); *Officers for Justice*, 688 F.2d at 623; *Viceral v. Mistras Grp., Inc.*, No. 15-cv-2198-EMC, 2016 WL 5907869, at *7 (N.D. Cal. Oct. 11, 2016) (approving wage and hour settlement which represented 8.1% of the total verdict value); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-cv-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) ("10% gross and 7.3% net figures are 'within the range of reasonableness'"); *Balderas v. Massage Envy Franchising, LLP*, No. 12-cv-06327 NC, 2014 WL 3610945, at *5 (N.D. Cal. July 21, 2014) (gross settlement amount of 8% of maximum recovery and net settlement amount of 5%); *Ma v. Covidien Holding, Inc.*, No. SACV 12-02161-DOC (RNBx), 2014 WL 360196, at *4-5 (C.D. Cal. Jan. 31, 2014) (9.1% of "the total value of the action" is within the range of reasonableness). Here, the Gross Settlement Amount of $1,100,000 represents approximately 75% of the $1,467,454 that Plaintiffs' Counsel calculated as Cascade's potential unpaid wages exposure (not including liquidated damages). *See* Dkt. #30 at 20-21. The Settlement Amount overwhelmingly favors final approval.

### vi.    Wide-ranging informal discovery has been completed.

The amount of discovery completed prior to reaching a settlement is important because it bears on whether the Parties and the Court have sufficient information before them to assess the merits of the claims. *See, e.g., Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 617, 625 (N.D. Cal. 1979); *Lewis v. Starbucks Corp.*, No. 2:07-cv-00490-MCE-DAD, 2008 WL 4196690, at *6 (E.D. Cal. Sept. 11, 2008). Informal discovery may likewise assist parties with "form[ing] a clear view of the strengths and weaknesses of their cases." *Monterrubio v. Best Buy Stores, L.P.*, 291 F.R.D. 454 (E.D. Cal. 2013).

Here, the Parties engaged in extensive informal discovery, and Plaintiffs' Counsel engaged in class outreach, that have enabled both sides to assess the claims and potential defenses in this action. *See* Hogg Decl. at ¶ 64. Defendant provided numerous data points for the Class that permitted Plaintiffs to calculate potential damages. *Id.* Plaintiffs' Counsel was also able to conduct outreach interviews with Class Members. *Id.* Class Counsel used this information to perform an

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 12

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

1   extensive analysis of the case, including a comprehensive damages analysis. *Id*. The Parties were

2   able to accurately assess the legal and factual issues that would arise if the case proceeded to trial.

3   *Id*.

4           **vii.**     **Class Counsel are highly experienced.**

5        Where counsel is well-qualified to represent the class and collective in settlement

6   negotiations, based on their extensive class action experience and familiarity with the strengths and

7   weaknesses of the case, courts find this factor to support a finding of fairness. *Wren*, 2011 WL

8   1230826, at *10; *Carter v. Anderson Merchandisers, LP*, No. EDCV 08-0025-VAP OPX, 2010 WL

9   1946784, at *8 (C.D. Cal. May 11, 2010) ("Counsel's opinion is accorded considerable weight.").

10       In reaching this Settlement, Plaintiffs' Counsel relied on their substantial litigation

11  experience in similar wage and hour class and collective actions. *See* Hogg Decl. at ¶¶ 5-7, 65. Class

12  Counsel used their skill and expertise in performing liability and damages evaluations that were

13  premised on a careful and extensive analysis of the effects of Defendant's timekeeping and

14  compensation policies and practices. *Id*. at ¶ 65. Ultimately, the Parties used this information and

15  informal discovery to fairly resolve the litigation for $1,100,000. *Id*. at ¶ 66. Class Counsel believe

16  that Plaintiffs have achieved a strong settlement in light of all the risks. *Id*.

17       **D.**    **The Service Awards and attorneys' fees and costs are reasonable.**

18       In approving the Settlement, the Court must determine whether "the settlement, taken as

19  a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice*, 688 F.2d at 625. In

20  addition to the terms and details of the Settlement discussed herein, the Settlement also establishes

21  Class Representative Service Payments of up to $7,500 to each Named Plaintiff (a total of

22  $15,000.00). Likewise, in evaluating the Settlement, the Court must evaluate Plaintiffs' request for

23  attorneys' fees and costs pursuant to the terms of the Settlement. In their fee motion, Class Counsel

24  request one-third of the Gross Settlement Amount, or $366,666.67, plus reimbursement of costs

25  in the amount of $1,780.00. Plaintiffs set forth the arguments in support of these Service Awards,

26  the attorneys' fees, and costs request in full in the accompanying Motion for Approval of

27  Attorneys' Fees, Costs, and Service Award, including that no objections to the service award

28

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 13

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

amounts, fees, or costs have been received from the Class Members. Plaintiffs do not repeat those arguments here. The Court should grant final approval to the requested service awards, attorneys' fees, and out-of-pocket costs as reasonable.

**E.    The Court should grant final Class Certification for settlement purposes.**

In its July 29th Order granting preliminary approval, the Court conditionally certified the Washington and Oregon classes. *See* Dkt. #31 at 3. Now that notice has been effectuated, the Court should finally certify the Classes and Collective in its Final Approval Order and Judgment. For the reasons previously set forth in Plaintiffs' Motion for Preliminary Approval, the Classes and Collective meet all of the requirements for final certification. *See* Dkt. #30 at 14-19. Following issuance of notice and opt-out period, the Classes still remain sufficiently numerous and over 200 individuals have opted into the FLSA Collective, Plaintiffs' claims raise common issues of fact and law, Plaintiffs' claims are still typical of the Classes, Plaintiffs and Class Counsel are still adequate to represent the interests of the Classes, and the FLSA and Rule 23(b)(3) requirements are likewise still met. *See* Hogg Decl. at ¶¶ 67-80. Class and collective treatment is efficient and warranted here, and the Court should grant final certification of the Classes and the Collective for settlement purposes.[4]

**6.    The Court should Approve the Proposed Schedule**

Lastly, Plaintiffs respectfully request the Court approve the following implementation schedule under the Settlement:

| Effective Date | The date by which the Agreement is approved by the Court, and latest of: (i) if no objection to the settlement is made, or if an objection to the Settlement is made and Judgment is entered but no appeal is filed, the last date on which a notice of appeal from the Judgment may be filed and none is filed; or (ii) if Judgment has been entered and a timely appeal from the Judgment is filed, the date the Judgment is affirmed and is no longer subject to appeal. |
|---|---|

---

[4]    Defendant reserves its rights to argue that class and collective treatment is improper should this Settlement not be finally approved.

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 14

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

| Deadline for Defendant to pay the Gross Settlement Amount into the Qualified Settlement Account | Within 15 business days after the Effective Date |
| Deadline for Defendant to deposit the amount of employer-side payroll taxes | Within 15 business days after the Effective Date |
| Deadline for Simpluris to make payments under the Settlement to Participating Class Members, Opt-in Plaintiffs, Plaintiffs, Class Counsel, and itself | Within 15 days after Defendant funds the Gross Settlement Amount |
| Deadline for Simpluris to send a reminder notice to Participating Class Members who have not cashed their Settlement Checks | 120 days after issuance of the settlement checks |
| Check-cashing deadline | 180 days after issuance of the settlement checks |
| Deadline for Simpluris to redistribute funds from uncashed Settlement Share checks to those Class Members and Opt-in Plaintiffs who cashed their Settlement Share checks or to the *cy pres* recipient(s), as applicable | As soon as practicable after the check-cashing deadline |
| Deadline for Simpluris to provide written certification of completion of administration of the Settlement to counsel for all Parties and the Court | As soon as practicable after completion of the redistribution of uncashed Settlement Share check funds and/or the tender such funds to *cy pres* |

## 7.    Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court grant final approval of the Settlement Agreement and enter the accompanying Final Approval Order and Judgment.

Date: January 10, 2025

/s/ William M. Hogg
Michael A. Josephson (*Pro Hac Vice*)
Andrew W. Dunlap (*Pro Hac Vice*)
William M. Hogg (*Pro Hac Vice*)
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
Tel: (713) 352-1100
mjosephson@mybackwages.com
adunlap@mybackwages.com
whogg@mybackwages.com

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 15

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100

Michael C. Subit, WSBA # 29189
**FRANK FREED SUBIT & THOMAS LLP**
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Tel: (206) 682-6411
msubit@frankfreed.com

Richard J. (Rex) Burch
**BRUCKNER BURCH PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 7746
Tel: (713) 877-8788
rburch@brucknerburch.com

William C. (Clif) Alexander (*Pro Hac Vice*)
Austin W. Anderson (*Pro Hac Vice*)
Carter T. Hastings (*Pro Hac Vice*)
**ANDERSON ALEXANDER PLLC**
101 N. Shoreline Blvd., Suite 610
Corpus Christi, Texas 78401
Tel: (361) 452-1279
clif@a2xlaw.com
austin@a2xlaw.com
carter@a2xlaw.com

*Counsel for Plaintiffs, Class, and Collective Members*

## CERTIFICATE OF COMPLIANCE

I hereby certify that this memorandum contains 5,308 words (exclusive of the case caption, tables of contents, table of authorities, signature blocks, and certificate of compliance), in compliance with the LCR(e)(3) because the relief sought in this motion includes final class certification.

/s/ William M. Hogg
William M. Hogg

## CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Counsel for Defendant regarding the content and relief sought in this Motion. Defendant does not oppose the Motion.

/s/ William M. Hogg
William M. Hogg

MOTION FOR FINAL APPROVAL
OF CLASS AND COLLECTIVE
ACTION SETTLEMENT
– Page 16

FRANK FREED SUBIT & THOMAS LLP
705 Second Avenue, Suite 1200
Seattle, WA 98104
Tel: (206) 682-6711

JOSEPHSON DUNLAP LLP
11 Greenway Plaza, Ste. 3050
Houston, TX 77046
Tel: (713) 352-1100